## Shortle *against* Stockton.

If the record exhibit a defective appeal from an award of arbitrators, it cannot be cured by parol evidence of what occurred when the appeal was entered.

ERROR to the common pleas of *Crawford* county.

D. C. Stockton and others against D. and D. Shortle.

The defendants in error, who were the plaintiffs below, brought an action of ejectment to February term 1834, for one hundred and seventy-five acres of land. A rule to arbitrate was entered; an award filed in favour of the defendants in error on the 30th of March 1836; on the 18th of April 1836 D. Shortle, Jun. entered an appeal from the award; subscribed his name to the *affidavit* and the recognizance, with Jacob Shortle as bail; the statement of appeal, *affidavit* (signed by appellant) and recognizance, all on the same sheet, were filled up by the prothonotary, who subscribed his name at the foot of the recognizance, but did not at the foot of the *affidavit*.

On the 20th of July 1836 the defendants in error moved to strike off the appeal for the reason that it did not appear that the appellant

[Shortle v. Stockton.]

had been sworn ; the plaintiffs in error offered to prove that D. Shortle, Jun. was sworn at the time of appealing ; the court below (Shippen, President) refused to hear testimony, saying, that " the offer to supply this deficiency by parol evidence is inadmissible, and is therefore rejected;" and the appeal was dismissed.

Error assigned :

The court erred in striking off the appeal : the signature of the prothonotary being written at the bottom of the sheet, affording thereby at least presumptive evidence that one of the appellants had been sworn ; but if otherwise that the proof offered should have been received.

*Derrickson*, for plaintiff in error.
*Riddle*, for defendant in error.

PER CURIAM.—The oath ought to appear of record ; and no part of the evidence of it could be supplied by evidence of a lower degree. Neither can the attestation of the prothonotary's name to the recognizance be referred to the *affidavit*, to which it does not purport to belong; and the court was therefore bound to quash the appeal.

Judgment affirmed.