## Robinson *against* Jefferson County.

A county, against which an award of arbitrators has been made, may appeal without the payment of costs.

**ERROR** to the Common Pleas of *Jefferson* county.

This was an action on the case, by M'Cormick & Robinson against the county of Jefferson; which, at the instance of the plaintiff, was referred to arbitrators, who made an award in their favour for $170, from which the defendant appealed without the payment of costs. On a rule to show cause why the appeal should not be stricken off, the court below, (M'CALMONT, President), was of opinion that the county might appeal without the payment of costs; and therefore sustained the appeal. The cause afterwards came on to be tried, when the plaintiff gave no evidence, and the court directed a verdict and judgment for the defendant.

The error assigned here was in sustaining the defendant's appeal.

*Buffington*, for plaintiff in error, referred to the Act of 22d March 1817, (*Sm. Laws* 439); 8 *Serg. & Rawle* 520; 3 *Penn. R.* 65; Act of 16th June 1836, sects. 27, 31.

*Banks*, contra, cited 9 *Serg. & Rawle* 227; 17 *Serg. & Rawle* 348; 5 *Binn.* 508.

The opinion of the Court was delivered by

ROGERS, J. — Under the former Act of 1810, on compulsory arbitrations, it is ruled in *Carpentier* v. *The Delaware Insurance Company*, (2 *Binn.* 264), that bodies corporate are entitled to appeal without entering into a recognizance. The grounds of the decision are, that some of the conditions for an appeal, as for example, entering special bail, are incompatible with the nature of a corporation; and as it could not be intended that the Legislature designed to deprive corporations of the benefit of a trial by jury, they had the right to appeal without entering into any

[Robinson v. Jefferson County.]

recognizance. As there is a similar provision in the Act of 16th June 1836, without even the benefit of the proviso, this appeal would be properly entered. But by the proviso of the Act of 16th June 1836, an exception is made in favour of executors, administrators, or other persons suing or sued in a representative character, who may appeal from an award without the payment of costs or entering into a recognizance. It would not be straining the words further than has been done in reported cases, to hold that the words, "other persons suing or sued in a representative character," include the case of a municipal corporation, who must act by their corporate officers, not always in funds to pay costs, and who cannot enter a recognizance in the nature of special bail. But it is said that the latter objection is removed by the Act of 22d March 1817, which provides that when a corporation shall be sued, and shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of the debt, interest and costs, on affirmance of the judgment. When we consider that the special object which the Legislature had in view, was monied institutions who were justly supposed to have abused their trusts, and therefore were the object of jealousy, it will perhaps be better to confine the restriction to institutions of that kind, and not extend them to municipal corporations, from whom nothing is to be apprehended, and whom the Legislature would rather foster than restrain by a provision acting as a penalty. But however this may be, it is difficult to believe the Legislature, by the subsequent Act of the 15th April 1834, which enacts that the several counties and townships of the State shall have the capacity of bodies corporate, intended to subject them to a disability, or put them in a worse situation than they were before. It must be recollected that before the passage of that Act counties were in the nature of corporations, and might sue or be sued, and, unquestionably, when sued, they would have had the right of an appeal from an award without the payment of costs, or entering into a recognizance of bail absolute for the payment of the money. The Act was intended to put them in a better, not in a worse situation. The reasons which apply to other corporations do not hold good as respects a municipal corporation.

Judgment affirmed.