## Kochis v. Bertoncini

R. *Herbert Buchman*, for plaintiff.

*Avra N. Pershing, Jr.*, for defendant.

WEISS, J., November 18, 1958.—This case is before the court on plaintiff's objections to the appeal and

bond, filed by defendant from an award of a board of arbitrators in favor of plaintiff, in the amount of $271.42. Plaintiff, Kenneth J. Kochis, filed a complaint in trespass against defendant, Thomas J. Bertoncini, on March 11, 1958, asking for damages in the amount of $271.42. On March 13, 1958, after an appearance had been entered by defendant, a board of arbitrators was appointed to hear the case. A hearing was held by the said board on May 23, 1958, and the said board made the following award:

"And now, the 23rd day of May, 1958, we, the undersigned arbitrators chosen in this case, after having been duly sworn and after having heard the evidence and allegations of the parties, do award and find for the Plaintiff in the sum of $271.42."

On June 11, 1958, defendant filed an appeal from the award of the board of arbitrators. On July 8, 1958, plaintiff filed objections to the appeal and bond and requested the court to grant a rule upon defendant to show cause why the appeal should not be stricken from the record. On July 18, 1958, defendant filed an answer to the objections to appeal and bond filed by plaintiff.

Plaintiff objects that the affidavit attached to the appeal does not comply with the Act of June 16, 1836, P. L. 715, sec. 27, 5 PS §71. The affidavit, as filed by defendant in his appeal, was not in exactly the form as prescribed by the above act of assembly. However, it did substantially conform with said act. The act of assembly should be conformed with and defendant should be given leave to file a new affidavit nunc pro tunc in conformance with requirements of the act of assembly, and should not be deprived of his right of appeal by reason of such a technical defect.

Plaintiff objects to defendant's bond, accompanying the appeal, for two reasons, which we will consider separately. First, that "Said recognizance was

not approved by the prothonotary as in such cases made and provided." Neither the act of assembly nor the local rules of court require that such a bond be approved in writing by the prothonotary. However, an examination of the appeal and recognizance attached thereto shows the following: "July 21, 1958, the within bond is hereby approved. /s/ Leo Sukala, Prothonotary." Even though this approval was noted on the bond after plaintiff had filed his objections thereto, we believe that the defect, if any, was cured thereby.

Plaintiff's second objection is as follows: "That said bond provides a condition 'that if the plaintiff above named shall attain a judgment upon appeal for a sum equal to or greater than the award of arbitrators', which condition is not such as required by the Act of March 20, 1845, P. L. 188, Section 1, which provides as follows: 'In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants.' " The act of assembly providing for appeals from awards of arbitrators under compulsory arbitration is the Act of June 16, 1836, P. L. 715, sec. 30, 5 PS §75.

It is the opinion of the court that the bond filed by defendant in this case is substantially as required by the above act of assembly.

Plaintiff's last objection is as to the sufficiency of the sureties of defendant's bond. On July 21, 1958, defendant filed an affidavit made by the sureties, setting forth their ownership of the securities and further that their unencumbered value exceeds $2,500. It also sets forth the deed book and volume in the Record-

er's Office of Westmoreland County, wherein the deed to said security is recorded. Even though this affidavit was filed after plaintiff had filed his objections to the sufficiency of the sureties on defendant's bond, we believe that the defect, if any, was cured thereby.

In the case of Stanley Distributing Co. v. Fetterhoff, 69 Dauph. 60, 1957, the court held:

"Although the defendant's appeal from award of arbitrators was technically defective in that he did not make the proper affidavit, failed to pay the accrued costs and failed to post bond for future costs, where defendant had filed the appeal promptly and had paid the arbitrators' fees totalling $100, defendant was granted leave to file his appeal nunc pro tunc upon correction of the defects."

See also Ross v. Dysart, 24 Pa. 395, wherein the court held that the oath need not be in writing, but the record must show that it has been taken, and Maples v. Hicks, Brightly N. P. 56; Borough of Pottsville v. Curry, 32 Pa. 443, wherein the court held that a failure of the Prothonotary or other officer to attest the jurat will not vitiate the appeal.

The court is of the opinion that a defendant should not be deprived of the right to trial by jury by reason of a technical defect in his appeal, where he acted promptly and his intent to take a proper appeal is apparent.

The court further feels that in such a case, defendant should be given an opportunity to correct such technical defect.

We therefore enter the following

## Order

And now, to wit, November 18, 1958, after due and careful consideration, it is hereby ordered, directed and decreed that leave is granted to defendant to file a new affidavit nunc pro tunc, in compliance with this

opinion, within 20 days of the filing of this order and decree, and it is further ordered, directed and decreed that upon defendant's filing of a new affidavit, nunc pro tunc, plaintiff's objections to the appeal and bond, filed by plaintiff, shall be and are hereby dismissed.