## Commonwealth v. Miller

*George J. Joseph*, for Commonwealth.
*James C. Lanshe*, for defendant.

KOCH, J., April 15, 1963.—Appellant was charged with reckless driving on a warrant issued by Justice of the Peace Edwin C. Marsteller, based upon an information signed by Trooper L. W. Jarzenbovicz of the State Police.

Appellant appeared before the justice and, finding that the justice had not signed the jurat to the information on file in his office, appellant's attorney moved to quash the proceedings. This motion was denied and appellant was found guilty, whereupon he applied for an allocatur for appeal, which was granted.

There was some question whether or not appellant had waived a hearing before the justice and to resolve

that doubt, we treated the case as if such waiver had taken place and ordered the case to be heard before this court, without prejudice to appellant's right to raise the jurisdictional question before us.

The matter was heard on the merits by this court, and appellant was found guilty as charged. Thereupon he filed a motion in arrest of judgment, based upon his motion to quash made before the Justice and in this court prior to hearing.

The transcript now contains the signature of the justice to the jurat, but we accept the testimony of appellant's counsel that the jurat to the information on file in the office of the justice had not been signed at the time when a copy of the information was served upon appellant.

In deciding this case we assume that an information must be sworn to and that process on an unsworn information is void and that it is a jurisdictional question that may be raised at any time.

In determining the motion in arrest of judgment, we accept as verify these facts: 1. The information on file with the Justice bore the signature of the prosecutor; 2. the information served upon appellant bore the signature of the prosecutor and the signature and seal of the justice to the jurat; 3. the prosecutor had been sworn by the justice before process issued.

Appellant cites Commonwealth v. Weber, 43 Berks 5, for the proposition that a prosecution is fatally defective if based upon an unsworn information. With this we have no quarrel. In that case the late and learned Judge Shanaman, citing from Corpus Juris and Corpus Juris Secundum, finds that an accusation must be based upon an affidavit, sworn to before a proper officer and such swearing must appear by a jurat signed by the officer. In that case the information was signed by the prosecutor, but did not bear the signature or seal of the justice and defendant was discharged.

Our case can be distinguished from the Weber case in at least one important respect, namely, that here the information was actually sworn to before process issued. This fact was conceded by appellant's counsel at depositions taken July 26, 1962, when he stated, "I will say, on the copy (received by appellant) there appears to be the signature of Edwin Marsteller and a seal."

Despite the lack of signature and seal on the jurat on the Justice's copy of the information, we are convinced beyond the shadow of a doubt that *process issued upon a sworn information.*

Is the absence of signature and seal fatal?

American Jurisprudence states (3 Am. Jur. 2d Affidavits §17) "Several variant views have been taken by the courts . . . upon the affidavit. According to one line of authority, such an omission is not fatal to the validity of the affidavit, so long as it appears, either from the rest of the instrument or from evidence aliunde, that the affidavit was, in fact, duly sworn to before an authorized officer."

In Pennsylvania we have several Supreme Court cases that would put our State within the majority view. In Borough of Pottsville v. Curry, 32 Pa. 443, 444, an appellant from an award of arbitrators had actually taken the necessary oath but the prothonotary had failed to affix his attestation. The appeal was held to be valid and the point is made that, as in section 1202 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1202, there is no provision that there shall be an attestation by the officer before whom it was made. We take it to be inherent to the validity of a written information (and the furnishing of a copy presupposes that it should be written) that it should be sworn to. Our decision is not, therefore, to be taken to mean that there need be no affidavit to an information (see DeWitt v. Oppel, 14 D. & C. 2d 23, 25), but that, having been convinced that it was sworn to, the presence or absence

136

of an attestation will not affect the validity of the process.

In Cusick's Election, 136 Pa. 459, where election officers failed to sign the jurat to affidavits in response to a challenge of voters, it was stated, p. 476: ". . . when an affidavit has in point of fact been made in compliance with the act, and the informality is the result of the ignorance or neglect of the officer before whom it was taken, such defect could be cured and the paper reformed, upon due proof of what occurred at the time." In our view this principle is applicable to the case at bar.

### Order

Now, April 15, 1963, defendant's motion in arrest of judgment is denied and defendant is directed to appear in court room no. 1 on April 22, 1963 at 9:30 a.m. for sentence unless before that time he pays to the Clerk of Quarter Sessions a fine of $10 and costs.