THE UNITED STATES *vs.* AMBROSE.[*]

(*Circuit Court, S. D. Ohio.* May, 1880.)

UNITED STATES DISTRICT JUDGE—POWER TO ADMINISTER OATHS,—1. A judge of a district court of the United States has the power to administer oaths in matters arising in his court, or coming before him as a judicial officer of the United States. Such power is incident to his judicial office.

SAME—OATH OF CLERK TO ACCOUNTS WITH GOVERNMENT.—2. The administration by such judge to a clerk of a United States court of the oaths required to be made to his accounts with, and returns to, the government, is such a matter, and is within his power to administer oaths.

CLERK'S ACCOUNTS—OATH TO—PERJURY.—3. Whether the sworn statements required to be made by a clerk of a United States court, in his accounts with, and returns to, the government, are "*declarations*" or "*certificates*," within section 5392 of the United States Revised Statutes punishing perjury, *quære.*

Demurrer to the Indictment.

The defendant was indicted for perjury, under section 5392 of the United States Revised Statutes, in swearing to his accounts against the government as clerk of the United States courts for the southern district of Ohio, and his emolument returns to the attorney general, before the United States district judge for that district. The first count charged the defendant with making oath to a false "written *declaration* by him subscribed," in swearing to his account against the government for the six months preceding January 1, 1879; the second count the same, in swearing to his emolument return to the attorney general for the six months preceding January 1, 1879; the third count the same, in swearing to his emolument return for the six months preceding July 1, 1878. The fourth count charged him with making oath to a false "written *certificate* by him subscribed," in swearing to his account for the six months preceding January 1, 1879.

*Channing Richards,* U. S. Dist. Atty., for plaintiff.

*George Hoadly* and *Edgar M. Johnson,* for defendant.

SWAYNE, J. Two objections are taken to the indictment

[*] Prepared by Messrs. F. Giauque and J. C. Harper, of Cincinnati, O.

—*First*, that it does not appear that the district judge who administered the oath, in connection with which the perjury is alleged to have been committed, had authority to swear the defendant.

I was a little troubled by that objection at the outset, the rule being so strict in the criminal law as to the elements of the crime, and particularly as to the authority of the officer administering the oath, the breach of which is alleged in the indictment. Upon full reflection, and the examination of such authorities as have been brought to my attention, I am perfectly satisfied that the judge had the power to administer the oath. The oath is incident to his judicial office. I do not mean that he could go into the street and administer oaths to everybody, and for all purposes and under all circumstances; but this was a matter of his own court—this was a matter touching the government of the United States, in which he is serving as a judge, and under which he is a judicial officer. Such oaths, according to my recollection, and, indeed, my knowledge, have been administered for the last 30 or 40 years, and I never knew an objection taken before in a case like this.

I think, upon the whole, the *United States* v. *Bailey*, 9 Peters, 238, which was referred to by Mr. District Attorney Richards, may be considered as conclusive upon the subject. At any rate, my judgment is that this exception is not well taken.

The other objection is that the indictment sets out that the defendant had failed to make returns as required by law, and that in swearing to these returns he swore, as charged in some of the counts of the indictment, to a *certificate* which was false—which he knew to be false; and it is charged in other counts of the indictment that in swearing to his returns he had sworn to a *declaration*, knowing that in so swearing he swore falsely.

Now, in the argument, it is shown, with great clearness, that there are a large number of instances defined by the laws of the United States in which declarations, specifically named as such, are required to be sworn to; and so there are

a very large number of instances in which certificates of various kinds are specifically required to be sworn to.

There is no provision in any act of congress, so far as I know, or so far as revealed from the elaborate discussion before the court, in which a return by the clerk, such as the law required in the case, touching emolument returns, is specifically made the subject of an indictment for perjury.

Now it may be said that in a broad, general sense the clerk's statement of his account, and swearing to it, is a declaration that it was true; and so it may be said that the oath was a certificate. But I am by no means clear, though that is one legal view of the subject. I think that such a view of the subject is hardly warranted by the principles of law touching the crime of perjury. They are of great strictness, and very wisely made so.

This case being one of great importance to the defendant, and not without importance to the government, I have concluded upon the whole—my brother, the circuit judge, (Baxter,) agreeing—that, as to the questions arising touching this aspect of the case, we will divide and certify the case up to the supreme court.