## UNITED STATES v. GARCELON.

### (District Court, D. Colorado. July 14, 1897.)

#### No. 1,390.

PERJURY—POWER OF CIRCUIT COURT COMMISSIONERS TO ADMINISTER OATHS.

A charge of perjury cannot be predicated upon an oath administered by a commissioner of the circuit court, in taking bail in a criminal case, in a state where the state laws do not authorize justices of the peace to administer oaths for similar purposes.

Greeley Whitford, U. S. Dist. Atty.

John D. Fleming and John T. De Weese, for defendant.

RINER, District Judge (orally). This indictment charges the defendant with the crime of perjury, under section 5392. A motion to quash has been filed to the indictment, and the case is now before the court on the motion. The question presented for determination is whether, under the laws of the United States, the indictment on its face states an offense against the laws of the United States. It is urged in favor of the motion that the United States circuit court commissioner before whom the alleged false oath was taken had no power to administer the oath, either under the laws of the United States or the laws of the state of Colorado. On the other hand, it is urged on behalf of the government that, even if the power is not expressly conferred by statute, it is incident to the exercise of the power to take bail, which is expressly conferred by the statute. Section 1014, Rev. St. The decision of this question involves the investigation of the powers of United States circuit court commissioners under the laws of the United States. It may be of interest to examine briefly the legislation

relating to the appointment and the powers of these commissioners. In volume 1 of the Statutes at Large, page 334, I find the first legislation upon this question to be in this form:

"That bail for the appearance in any court of the United States in any criminal cause in which bail is by law allowed, may be taken by any judge of the United States, any chancellor, judge of a supreme or superior court, or chief or first judge of a court of common pleas of any state, or mayor of a city in either of them, and by any person having authority from a circuit court, or the district courts of Maine and Kentucky to take bail; which authority revocable at the discretion of such court, any circuit court or either of the district courts of Maine or Kentucky, may give to one or more discreet persons learned in the law in any district in which said court is holden, where, from the extent of the district, and remoteness of its parts from the usual residence of any of the before named officers, such provision shall, in the opinion of the court, be necessary."

This is, in substance, the power contained in section 1014 of the Revised Statutes, the Revised Statutes extending it to other persons than the persons herein named, viz. to circuit court commissioners and justices of the peace, etc. This statute was amended in volume 2 of the United States Statutes at Large, page 679, by an act of congress passed February 20, 1812. The first section is as follows:

"It shall be lawful for the circuit court of the United States, to be holden in any district in which the present provision, by law, for taking bail and affidavits in civil causes (in cases where such affidavits are, by law, admissible) is inadequate, or on account of the extent of such district, inconvenient, to appoint such and so many discreet persons, in different parts of the district as such court shall deem necessary, to take acknowledgments of bail and affidavits; which acknowledgments of bail and affidavits shall have the like force and effect as if taken before any judge of said court."

This confines the taking of bail and making affidavits to civil causes, as did the first statute. The statute was again amended (3 Stat. 350) by an act entitled "An act in addition to an act, entitled 'An act for the more convenient taking of affidavits and bail in civil causes, depending in the courts of the United States.'" The language of the amendatory act is as follows:

"The commissioners who now are, or hereafter may be, appointed by virtue of the act, entitled 'An act for the more convenient taking of affidavits and bail in civil causes, depending in the courts of the United States,' are hereby authorized to take affidavits and bail in civil causes, to be used in the several district courts of the United States, and shall and may exercise all the powers that a justice or judge of any of the courts of the United States may exercise by virtue of the 30th section of the act, entitled 'An act to establish the judicial courts of the United States.'"

This was the legislation down to the time of the Revised Statutes. The repeal provisions of the Revised Statutes (section 5596) provide:

"All acts of congress passed prior to said 1st day of December, 1873, any portion of which is embraced in any section of said revision [referring to the revision which is mentioned in the preceding section] are hereby repealed and the section applicable thereto shall be in force in lieu thereof; all parts of such acts not contained in such revision having been repealed or superseded by subsequent acts, or not being general and permanent in their nature; provided, that the incorporation into said revision of any general and permanent provision, taken from an act making appropriations, or from an act containing other provisions of a private, local, or temporary character, shall not repeal, or in any way affect any appropriation, or any provision of a private, local or temporary character, contained in any of said acts, but the same shall remain in force; and all acts of congress

passed prior to the said last named day, no part of which are embraced in said revision, shall not be affected or changed by its enactment."

—That is, by the enactment of the revision which was adopted by congress.

We find, upon examination, that these statutes relating to commissioners come within the first portion of the repealing section referred to, viz.:

"That the acts passed prior to the 1st of December, 1893, any portion of which is embraced in the section of the Revised Statutes, are hereby repealed."

Section 627, Rev. St., provides:

"Each circuit court may appoint in different parts of the district for which it is held, so many discreet persons as it may deem necessary who shall be called commissioners of the circuit court and shall exercise the powers which are or may be expressly conferred by law upon commissioners of the circuit court."

This section, I find, has been construed in the case of Chittenden v. Darden, Fed. Cas. No. 2,688, in the circuit court for the Northern district of Georgia, Judge Woods writing the opinion. In this case there was an attempt to urge upon the court that a circuit court commissioner had the power to issue attachments, because under the laws of the state of Georgia that power was conferred upon justices of the peace; and upon that question the learned judge said:

"It is insisted that, as section 915 of the Revised Statutes provides that in common-law cases the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state where this court is held, and as under the law of Georgia a justice of the peace may issue an attachment against the property of the defendant, it follows by analogy that the same power is possessed by commissioners of the circuit courts. I think this is stretching too far the interpretation of section 913, Rev. St. Commissioners can only exercise powers expressly conferred. Section 627 of the Revised Statutes provides for the appointment of commissioners, and declares they shall exercise the powers which are expressly conferred by law upon commissioners of circuit courts."

The power of commissioners to take and administer oaths in certain cases is provided for in section 1778 of the Revised Statutes as follows:

"In all cases in which, under the laws of the United States, oaths or acknowledgments may now be taken or made before any justice of the peace of any state or territory, or in the District of Columbia, they may hereafter be also taken or made by or before any notary public duly appointed in any state, district or territory, or any of the commissioners of the circuit courts, and, when certified under the hand and official seal of such notary or commissioners, shall have the same force and effect as if taken or made before such justice of the peace."

It will be noticed that the limitation upon the power of the commissioner to take oaths is that his power shall not extend to cases other than those where the power was conferred by law upon a justice of the peace. In 107 U. S. 671, 2 Sup. Ct. 507, we find this question somewhat discussed by Mr. Justice Harlan of the supreme court in U. S. v. Curtis, although the facts there were somewhat different. That was a case where a cashier of a national bank made oath to a statement of the condition of the bank before a notary public. The case, I think, went up from the Eastern district of Missouri. The court in that case held that the officer was not authorized to admin-

ister the oath, and therefore there could be no conviction, but in discussing the question now before this court he states the general proposition as follows:

"They [referring to circuit court commissioners] could take affidavits, when required or allowed, in any civil cause in a circuit or district court, under section 945 of the act of February 20th, or administer oaths where, in the same state, under the laws of the United States, oaths in like cases could be administered by justices of the peace [Rev. St. § 1778, to which I have just called attention]. or they could take evidence, affidavits, and proof of debts in proceedings in bankruptcy under sections 5003, 5076, Rev. St. But the authority of commissioners did not extend to such oaths as were administered to Curtis in this case."

The learned justice then refers to the case of U. S. v. Bailey, 9 Pet. 267, where it seems the same contention was made as is made in the case at bar. But Mr. Justice Harlan holds that it is not in point on this question, and calls attention to the fact that the case was disposed of on the ground that the act of congress authorizing the treasury department, or the secretary of the treasury, to prescribe rules and regulations, which should have the force of law; that the secretary had made certain regulations; that the oath in that case was taken in violation of the regulations made pursuant to authority from congress, and therefore came within the provisions of the statute.

Another case referred to by counsel for the government was the Ambrose Case, 2 Fed. 556. It was held in that case that the judge of the district court had the power, incident to his judicial duty as judge of the court, to administer an oath to his clerk. The case was certified, but the supreme court did not decide that question. They said it was not certified, and therefore they did not pass upon it. So that the only decision we have upon that question is the decision of the court below. However, I am inclined to think that the position of the trial court was well taken. But here we have these commissioners who the statute declares shall have just such powers, and no other powers, as are expressly conferred by statute. In the New York case referred to, in which the supreme court sustained the lower court, the question as to the power of the commissioner to take bail was evidently not urged upon the court, and is not referred to by the court in deciding that case. The court in that case must necessarily have held a motion to quash not well taken, because under the laws of the state of New York a justice of the peace was expressly authorized to administer oath in such cases.

I have, in the limited time at my disposal, examined this question as best I could, and I have been unable to find any authority which permits commissioners, in taking bail in such cases, to administer an oath on which perjury could be predicated, where the laws of the state do not authorize the state officers mentioned in the statute to administer oaths for similar purposes. The motion to quash will be sustained.