28

## UNITED STATES v. DI BLASI.
### No. 4276.

District Court, D. New Jersey.
July 29, 1932.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Oliver Randolph, Asst. U. S. Atty., of Newark, N. J.

Orlando & Kisselman, of Camden, N. J., for respondent.

AVIS, District Judge.

Respondent was issued a certificate of naturalization in the United States District Court for the Eastern District of Pennsylvania on October 4, 1923. Petitioner has filed its petition, alleging that the certificate was illegal, because respondent was not a resident of the state of Pennsylvania at the time, and further that the respondent fraudulently represented to the department and the court that he and his family were resident in Philadelphia at the time of filing his petition for naturalization, whereas, in fact, they were all residents of New Jersey at that time.

The main proof produced by the government consists of signed statements of the respondent, and his own testimony. The respondent, in the early part of 1923, filed with the naturalization department, a request for a certificate of arrival, in which he stated, in his own handwriting, that his wife, Maria, at that time resided with him at 735 Manton street, Philadelphia, Pa.

The next paper is his petition for naturalization, executed May 15, 1923, which is signed by him, and which he swore to, on that date, as being true. In this petition, it is stated that the respondent's address is 735 Manton street, Philadelphia, Pa.; that his wife, Maria, and his three children were with him. The address of the wife and children is not given, except as the words "with me" indicate the Manton street address.

Subsequently, on January 20, 1925, Di Blasi appeared in the United States court for the Eastern District of Pennsylvania, as a witness and voucher for another person desiring to be naturalized, and it developed in his examination that he then claimed his residence in New Jersey. After some conversation, Di Blasi then admitted and signed an affidavit certifying to the facts that, at the time of the filing of his petition for naturalization, he was not a resident of Pennsylvania, nor at the time the certificate was issued to him. In this affidavit, he stated that he, with his family, removed to New Jersey on February 15, 1920 or 1921, and further "I knew I was swearing falsely at the time."

The defense attempted to prove that, although the family of Di Blasi moved in 1921 to New Jersey, he retained two third-story rooms in the Manton street house, in Philadelphia, which he occupied frequently, with the intention of maintaining his residence there, for the purpose of making his application for citizenship in the same court in which he had filed his declaration of intention. Several witnesses were produced to corroborate his claim. In view of the fact that, when the request for the certificate of arrival was made out, respondent stated that his wife and children were living with him at the Manton street house; that, in preparing his final application, he made the same representations, although he now admits that at both times the family was resident in New Jersey, I am convinced that the statements made in his affidavit of January 20, 1925, are true. There is no suggestion made that at the time of executing this affidavit he told the examiners that he maintained a residence in Pennsylvania for naturalization purposes. If he had this in mind from the beginning, surely he would have made the claim when requested to put the facts in affidavit form. I cannot avoid the belief that the defense, as presented, was an afterthought. The examiner who took the statement would have no interest sufficient to induce him to endeavor to procure a false admission, or to threaten the respondent for the purpose of intimidation.

I find as facts: (1) That the respondent was not a resident of the state of Pennsylvania at the time the petition was filed, nor at the time the certificate was issued; (2) that the respondent intentionally misstated the facts as to his residence and the residence of his wife and children, in the application for naturalization.

As matters of law, I find: (1) That the court issuing the certificate was without jurisdiction, because respondent was not a resi-

dent of the district at the time of issuance; therefore, the certificate was illegally issued; (2) that, by reason of the intentional misrepresentation, the respondent is guilty of fraud, invalidating the certificate of naturalization.

Decree will be made in accordance with the prayer of the petition.