894

UNITED STATES v. GOGLIA.

District Court, S. D. New York.
Jan. 4, 1938.

Lamar Hardy, U. S. Atty., of New York City (David W. Wainhouse, Asst. U. S. Atty., of New York City, of counsel), for the United States.

M. Harry Justiz, of New York City, for respondent.

HULBERT, District Judge.

This is a petition by the Government to cancel a certificate of citizenship upon the ground that the same was issued upon false representations made by the defendant.

The defendant is a Croatian, born in Albona, Austria (now Italian territory), on September 1, 1897, and emigrated to the United States from Trieste, Austria, on the steamship President Wilson, arriving at the Port of New York on November 26, 1921. It is conceded that he then paid a head tax and that his entry into the United States was lawful.

On October 11, 1926, the defendant filed his declaration of intention in the United States District Court for the Southern District of New York; on October 24, 1928, he filed his petition for naturalization in the United States District Court for the Eastern District of New York, was admitted to citizenship thereon by an order dated January 29, 1929, and a certificate of naturalization was thereupon issued to him.

In his petition for citizenship the defendant made two misstatements of fact: (1) That he resided at 41 Sackett street, Brooklyn, New York; and (2) that he had resided continuously in the United States since November 26, 1921, and in the State of New York since January 1, 1923. At least one of the witnesses supporting his petition for naturalization had known him for a period less than five years.

It appeared upon the trial that during a preliminary examination of the defendant prior to, and with a view to the filing of a petition for citizenship, he testified that he had been absent from the United States only on one occasion since his lawful entry, to wit, from June, 1926, to October, 1926, and that he departed and returned upon that occasion in possession of an alien's return certificate.

Upon the trial, however, the witness testified that after his arrival in November, 1921, he was employed for a time in a Pennsylvania coal mine, and when that employment terminated he was for some time out of work and then shipped from the Port of Philadelphia as a seaman on the steamship Magyar Rosa. The vessel first proceeded to New Orleans, Genoa, and Rotterdam and then back to an Italian Port, where he left the ship, remaining in Italy six or seven months, working part of that time on his farm. He then shipped as a fireman on the steamship Catarina Gerolimich. Upon her arrival at the Port of New York on March 10, 1923, he was removed to Ellis Island hospital and found to be afflicted with lymphadenitis, and upon his discharge from the hospital was returned to his ship, but deserted and remained in the United States until 1926.

He further testified that at the time of the filing of his petition for naturalization he lived at 276 First avenue, Borough of Manhattan, New York City, but explained that he gave his residence as 41 Sackett street, Brooklyn, which was the home of relatives where he received his mail, but there was no room for him there and he slept at 276 First avenue.

The fact that the defendant remained in Italy (1922–1923) for a period of more than six months presumptively broke his

continuity of residence, 8 U.S.C.A. § 382, which indeed is confirmed by the fact that he returned to and operated his farm during that period of time. Certainly he made no claim of his legal entry in 1921 when he arrived in New York on March 10, 1923. And it is clear to me that he did not pay a head tax on that occasion as a seaman. He based his application for his alien return certificate, preparatory to his visit to Italy in 1926, upon his entry in 1921, concealing his departure in 1922 and his return in 1923. All of which does not, in my opinion, make him a person well disposed toward the performance of his duties as a citizen.

I hold that the defendant obtained his certificate of naturalization by misrepresentation and concealment of facts, amounting to fraud, and direct that a decree enter for the cancellation thereof.