## UNITED STATES v. PEREZ.
### No. 8559.

District Court, E. D. New York.

Oct. 31, 1939.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

M. C. Guilhempe, of New York City, for respondent.

BYERS, District Judge.

This cause was instituted on June 29, 1938, by the United States Attorney for this District, to procure the cancellation of certificate of naturalization No. 3,457,444, bearing date June 23, 1931, issued to the above-named respondent in this court, as evidence that he had on that date been admitted to citizenship.

It is alleged in the complaint that the respondent, whose true name is Jose Company Perez, filed his declaration of intention to become a citizen under the name of Nicolas Company Perez, which was not his name, and that he took the oath of allegiance and procured the said certificate of naturalization under the said false name and style.

That the true name of the respondent is Jose Company Perez and that the name Nicolas Company Perez was and is the name of his brother, and that therefore the certificate of naturalization was fraudulently and illegally procured.

When the cause was called for trial, a stipulation was filed, dated October 24, 1939, signed by the United States Attorney and by the respondent under the name of Jose Company Perez and his attorney, by the terms of which it appears that the circumstances above recited are admitted to be true.

Accordingly the following may be taken as the

## Findings of Fact

1. The true name of the respondent is Jose Company Perez, who was a native and former resident of Spain.

2. He obtained a passport to land in the United States under the name of Nicolas Company Perez, and entered at the Port of New York on April 1, 1920, as a passenger on the vessel Montserrat under that name.

3. He made and filed a declaration of intention to become a citizen of the United States under date of March 23, 1927, in this court, as Nicolas Company Perez, and on March 18, 1931, he filed his petition for citizenship, bearing the number 153,965, in this court under the same name.

4. The respondent was admitted to citizenship on June 23, 1931, in this court, as Nicolas Company Perez, and a certificate of naturalization bearing the number 3,457,444 was issued to him on that date.

5. The name Nicolas Company Perez was not the name of the respondent but, in fact, was that of his brother, who is younger than he is, by four and one-half years, and the latter has never been in the United States.

6. The age as stated by this respondent in his application for the said passport and in his declaration of intention, and in his petition for citizenship, was that of his brother and not of himself.

7. On October 21, 1931, a United States passport bearing number 447,257 was issued to the respondent as Nicolas Company Perez, to enable him to leave the United States, and on April 19, 1934, the respondent returned to the United States on the vessel Manhattan upon the said passport.

## Conclusion of Law.

The prayer of the complaint must be granted and the certificate of naturalization issued to the respondent is directed to be cancelled.

It would not be necessary to supplement the foregoing findings, were it not that earnest representations have been made to the court on the part of the respondent, that a recommendation be made to the Department of Labor that the respondent should not be deported by reason of the facts shown in the stipulation filed and embodied in the foregoing findings.

A number of persons (64) say that they know the respondent and that his character and reputation as a husband and father are excellent, and it is hoped that he may be permitted to remain in this country.

A communication from the Spanish Confederated Societies, to the same effect, has also been filed, and in the latter document it is recited that the subterfuge adopted by the respondent in procuring his passport in Spain in 1920 may be explained by his desire to evade military service in that country.

The respondent married his wife when he returned to Spain in 1931, and a child was born to them there, since which time his wife has joined him in this country, and she is now about to become the mother of a second child of whom he is the father.

This court has no right to make any recommendation to the Department of Labor; nor is it to be expected that the latter would feel itself required to give substantial heed thereto.

However, for what it may be worth, I venture to say that, if the respondent be permitted to continue his residence in this country, there is reason to believe that he will conduct himself in all respects as a law-abiding person.

If a new petition for naturalization were to come before me, I should feel disposed to pass upon the same in the light of all facts that might be shown respecting his manner of life, taking into consideration the findings above stated only as one circumstance affecting such an application.

Settle decree.