### UNITED STATES v. DOSHEN.

Nos. 8077, 8078.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 4, 1942.

Decided Feb. 3, 1943.

Abram Orlow, of Philadelphia, Pa. (H. Murray Lubic, of Pittsburgh, Pa., on the brief), for appellant.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS and GOOD-RICH, Circuit Judges.

BIGGS, Circuit Judge.

The facts in the appeals at bar are not in dispute. The defendant admits that he made a statement under oath before an officer of the United States designated as a "Special Inspector of the Immigration and Naturalization Service, Department of Justice" that he had had uninterrupted residence in the United States from March 8, 1924 to July 11, 1941. This statement was false and was known to the defendant to be false. He concedes also that he made another false statement upon his application for registration required by the Alien Registration Act, Act of June 28, 1940, c. 439, Title III, Sec. 31, 54 Stat. 673, 8 U.S.C.A. § 452. He stated that he had last arrived in the United States in March, 1924, when as he knew, his latest arrival was on or about November 20, 1926.

We will deal with the appeal at No. 8077 first. The defendant was indicted and convicted of perjury under Section 125 of the Criminal Code, Rev.Stat. Sec. 5392, 18 U.S.C.A. § 231.[1] An oath taken before an officer who has no legal authority to administer it cannot serve as the basis of an indictment for perjury. United States v. Curtis, 107 U.S. 671, 2 S.Ct. 507, 27 L.Ed. 534; United States v. Edwards, C.C., 43 F. 67; United States v. Garcelon, D.C., 82 F. 611; Nurnberger v. United States, 8 Cir., 156 F. 721. See, also, State v. Woerndle, 109 Or. 461, 209 P. 604, 220 P. 744, and Boehm v. United States, 8 Cir., 123 F.2d 791. The question presented is, therefore, whether Mitchell Solomon, the officer who was designated as a Special Inspector of the Immigration and Naturalization Service, was competent to administer an oath to the defendant.

---

[1] Section 125 of the Criminal Code provides, "Perjury. Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, * * *."

The government asserts that Solomon had the authority to administer oaths under either or both of the following statutes: The Immigration Act of February 5, 1917 (39 Stat. 885) as amended 8 U.S.C.A. § 152, and Rev.Stats. 183, as amended, 5 U.S.C.A. § 93. Section 152 of Title 8 provides in part, "Immigrant inspectors are hereby authorized and empowered to board and search for aliens any vessel, railway car, or any other conveyance, or vehicle in which they believe aliens are being brought into the United States. Said inspectors shall have power to administer oaths * * *; and any person to whom such an oath has been administered, under the provisions of this chapter, who shall knowingly or willfully give false evidence or swear to any false statement in any way affecting or in relation to the right of any alien to admission, or readmission to, or to pass through, or to reside in the United States shall be deemed guilty of perjury and be punished as provided by section 231 of Title 18. * * * "

On July 2, 1935, Solomon had been designated to act as Immigrant Inspector and Naturalization Examiner and to administer oaths in relation to the naturalization laws in addition to his existing duties as Contract Labor Investigator. The letter so appointing him was signed by the Chief Clerk of the Department of Labor, the department under which the naturalization and immigration laws were then administered. Subsequently the President by Reorganization Plan No. V[2] removed the Immigration and Naturalization Service from the jurisdiction of the Department of Labor and placed it under the authority of the Department of Justice. This administrative change did not alter the duties or authority of the employees.

■ In 1940 the Alien Registration Law, Act of June 28, 1940, 8 U.S.C.A. § 452, was passed. The Department of Justice then established a Special Inspection Division in the Immigration and Naturalization Service to enforce the Alien Registration Act. Annual Report of the Attorney General of the United States for the fiscal year ended June 30, 1941, p. 238. On January 18, 1941, Solomon was transferred from Contract Labor Investigator to Special Inspector in the Immigration and Naturalization Service with a raise in salary. This transfer was formally au-

thorized by the Attorney General of the United States. Solomon held this position on July 11, 1941, when he administered an oath to the defendant. He testified, however, that he did no work under the Alien Registration Act and that this appointment did not change the nature of his duties. The indictment charges the defendant with making a false oath before a Special Inspector. There is no indication in the indictment or in the government's brief that Solomon was still acting as an Immigrant Inspector. It is clear that on July 11, 1941, Solomon was not classified as an Immigrant Inspector and therefore could not act as such within the purview of Section 152 of Title 8. This conclusion is reinforced by the fact that on July 28, 1941, Solomon was "designated to act as an Immigrant Inspector and a Naturalization Examiner in the Immigration and Naturalization Service, Department of Justice, without additional compensation other than that received as a Special Inspector (Senior) in the Special Inspection Division of the Immigration and Naturalization Service". The letter so designating him was signed by the then Acting Attorney General. On July 28, 1941 Solomon was given the additional duties of an Immigrant Inspector. We conclude therefore that he did not have the title of Immigrant Inspector and the corollary authority to administer oaths under Section 152 on July 11, 1941.

■ What is as important, however, as Solomon's lack of authority to administer an oath to the defendant is the fact that Doshen was charged in the first count of the indictment with an asserted crime that did not exist, namely, making a false oath before an officer of the United States designated as a "Special Inspector of the Immigration and Naturalization Service, Department of Justice." The crime with which he should have been charged was making a false oath before an "Immigrant Inspector". Section 152 of Title 8 so provides. Doshen was compelled wrongfully to go on trial on the first count of the indictment.

■ The United States urges a further contention upon us in connection with the first count. We will deal with that contention now. Section 93 of Title 5 (5 U.S.C.A. § 93) reads as follows, "Oaths to witnesses. Any officer or clerk of any of

2 Effective June 14, 1940. 5 Fed.Reg. 2223, 54 Stat. 1238, 5 U.S.C.A. following section 133t.

the departments lawfully detailed to investigate frauds on, or attempts to defraud, the Government, * * * shall have authority to administer an oath to any witness attending to testify or depose in the course of such investigation." This section empowers all federal employees or officers who are investigating frauds upon the government to administer oaths to witnesses. Under this section the precise title and duties of Solomon are immaterial. The defendant Doshen apparently testified as a witness in his own behalf during the investigation. Although the usual elements of fraud are not present in this case, the courts have shown no hesitancy in denominating a false statement in a naturalization proceeding a fraud.[3] However, in the instant case the government has adduced no evidence indicating that a false statement by defendant was the basis or subject matter of the investigation. This court will not draw inferences with respect to the nature of the investigation. A defendant in a criminal proceeding is entitled to an indictment unequivocally setting forth the elements of the crime with which he is charged. Since the government has not alleged that Solomon administered the oath in connection with an investigation of a fraud upon the government, it cannot rely upon Section 93 of Title 5 as the source of Solomon's authority.

The judgment of conviction at No. 8077 is reversed.

In respect to the appeal at No. 8078, the defendant contends that the false statement which he knowingly made on his alien registration certificate was in response to a question unauthorized by the Alien Registration Act. In his application for registration the defendant was required to state the date of his last arrival in the United States and the place of his entry. Section 34(a) (1) of the Alien Registration Act, 8 U.S.C.A. § 455(a) (1) provides that the registration forms to be filled out by the alien shall contain an inquiry with respect to "the date and place of entry of the alien into the United States."

In view of this express provision of the statute we cannot accept the defendant's contention that the inquiry made of him and which he answered falsely was included upon the questionnaire by the Commissioner of Immigration wrongfully or without authority of law.

The judgment of conviction at No. 8078 is affirmed.

---

[3] Section 15, the Naturalization Act of June 29, 1906 at present 8 U.S.C.A. § 738 provides that a naturalization certificate shall be cancelled on the ground of fraud. The courts have held that any false statement made in the course of a naturalization proceeding constitutes a fraud upon the government. United States v. Saracino, 3 Cir., 43 F.2d 76; United States v. Di Blasi, D.C., 1 F. Supp. 28; United States v. Marcus, D.C., 1 F.Supp. 29; United States v. Perez, D. C., 29 F.Supp. 888; United States v. Goglia, D.C., 21 F.Supp. 894, in which the defendant stated that he had continually resided within the United States for a period of years when in fact he had been out of the country on several occasions. See also (1940) 77 U. of Pa. L.Rev. 842.