**UNITED STATES of America, Plaintiff,**

**v.**

**Antonio RIELA, Defendant.**

**Civ. A. No. 745-60.**

United States District Court
D. New Jersey.

April 8, 1963.

David M. Satz, Jr., U. S. Atty., by Sanford M. Jaffe, Asst. U. S. Atty., for the United States.

Paige & Paige, by Samuel Paige, New York City, for defendant.

WORTENDYKE, District Judge.

Jurisdiction in this denaturalization case is conferred by 8 U.S.C. § 1451. The defendant resides in the District of New Jersey and the action is instituted by the United States Attorney for that District.

Annexed to the complaint is an affidavit of good cause made by W. E. Farnham, and sworn to June 25, 1959. The affiant was an attorney and Regional Counsel in the Northeastern Regional Office of the Immigration and Naturalization Service at Burlington, Vermont. The affidavit states that Antonio Riela filed a petition for naturalization in the name of Antonino Pietro Riela in the United States District Court for the Eastern District of New York, at Brooklyn, on May 15, 1933, and was admitted to citizenship by that Court on August 22, 1933, receiving a certificate of naturalization numbered 3,733,920, in the name of Antonino Pietro Riela.

In an application for a reentry permit to be used for a six month absence in France and Italy, beginning December 27, 1931, petitioner alleged that his name was Pietro Riela; that he then last arrived in the United States at the Port of New York on July 8, 1923, on the S.S. Guglielmo Peirce; that he was born August 5, 1896, at Terranova, Italy; and that he was single.

In an application for a certificate of arrival and preliminary form for declaration of intention, dated September 16, 1930, petitioner represented that his name was Antonino Pietro Riela, and that he arrived under that name on the date and vessel, at the port noted, and was born on the date and at the place which he had previously stated, and that he was not married and had no children.

In an application for certificate of arrival and preliminary form for petition for citizenship, undated but received December 12, 1932, and in his testimony before the Naturalization Examiner on May 15, 1933, petitioner stated that he

arrived under the name of Pietro Riela, as aforesaid, and was born as aforesaid. At that time he also stated that he met both of his witnesses in Brooklyn, New York; that he had seen his first witness three times monthly during the then past five years, and the second witness at work on the job.

In his statement of facts to be used in his petition for citizenship, petitioner stated, under date of May 15, 1933, that his name was Antonino Pietro Riela, resided at 1148 Belmont Avenue, Brooklyn; that his place and date of birth, and date of entry into the United States were as previously stated; and that he met his first verifying witness Antonio Falletta on August 5, 1924 and his second witness John Joseph Kenny in December of 1924. He repeated the foregoing information in his petition for naturalization, executed May 15, 1933.

The affiant, Farnham, charges that the foregoing allegations of Antonio Riela were false and untrue, in that:

(1) his name was not Pietro Riela but Antonio Riela;

(2) he was born August 5, 1897 at San Giuseppe Jato, Italy, and not on August 5, 1896 in Terranova, Italy;

(3) the certificate of arrival filed with his petition for naturalization, although showing the arrival of Pietro Riela on the date and by the steamship stated, did not relate to the arrival of Antonio Riela;

(4) the Pietro Riela referred to in the certificate of arrival was born in Terranova on August 22, 1896, and did enter the United States on July 8, 1922 on the S.S. Guglielmo Peirce;

(5) petitioner was not residing at 1148 Belmont Avenue, Brooklyn when he filed his petition, but at 184 N. 15th Street, Bloomfield, New Jersey, where he had resided for the period of six months immediately preceding the filing of his petition for naturalization;

(6) he did not know his verifying witnesses since 1924, but knew John Joseph Kenny for only one week before filing his petition, and Antonio Falletta from 1931;

(7) he had not visited at Falletta's home, or seen Kenny on the job, but had seen Falletta only on the street;

(8) he was not attached to the principles of the Constitution of the United States, or well disposed to the good order and happiness of the United States;

(9) there was not attached to his petition for naturalization a certificate of arrival showing the date, place and manner of his entry into the United States;

(10) he was not single and childless when he applied for a declaration of intention in 1930, and for a reentry permit in 1931, but had been married September 3, 1921 and had a son, Andrea, born in September 1922; both residing in Italy.

The affidavit charges that Antonio Riela assumed the identity of Pietro Riela, of whom he was no relation, and that the false representations made by Antonio Riela during the course of his naturalization proceedings were deliberately and intentionally made in order to conceal material facts from the Naturalization Examiner and the Court. Therefore, charges the affiant, the naturalization certificate issued to Antonio Riela was procured by fraud.

\*     \*     \*     \*     \*     \*

The Government took the deposition of Pietro Riela, of 1018 Danby Road, Ithaca, New York, on April 26, 1961. His testimony was generally as follows: He never resided in the State of Illinois; nor at 8703 20th Avenue or 1148 Belmont Avenue, Brooklyn; or at 184 North 15th Street, Bloomfield, New Jersey. He was born August 22, 1896 at Terranova, now Gela, Italy. His father's name was Francesco, and his mother's maiden name was Salvatora Italiano. He had two brothers and five sisters, all residing in Italy; one of his brothers is named Francesco Riela and the other Giovanni Riela. The deponent further testified that he arrived in the United States July 9, 1923 from Terranova, Italy, and identified various documents which he

produced pursuant to subpoena duces tecum:

The first was a letter upon the stationery of Sicula Americana, dated June 2, 1923 at Palermo, addressed to Signor Riela Pietro di Francesco, respecting third class accommodations on the S.S. Guglielmo Peirce, sailing June 23, 1923. (G–1)

The second was a medical certificate issued by the municipality of Terranova to Riela Pietro figlio di Francesco, dated June 5, 1923. (G–2)

The next was a further communication from Sicula Americana dated June 6, 1923, addressed to Riela Pietro di Francesco, captioned "Per Uso del Passeggiere." (G–3)

The next (G–4) was what appears to be a municipal birth certificate dated June 6, 1923, certifying to the birth of Riela Pietro son of Francesco and Italiano Salvatora, August 22, 1896.

The next (G–5) is a receipt for payment of passage money by Riela Pietro, for accommodations on the S.S. Guglielmo Peirce, dated June 20, 1923.

Another document (G–6) was apparently an emigrant's boarding permit issued by the steamship line to, and signed by Riela Pietro, 27 years of age, of Terranova, Italy, whose destination in the United States is stated therein to be Utica, New York.

G–7 is a certificate of examination and vaccination for emigration purposes, bearing a photograph of Pietro Riela (G–8) and dated June 23, 1923.

The passport of Pietro Riela (G–9) was validated June 14, 1923 at Terranova, Italy and identifies the issue as Pietro Riela, son of Francesco and Italiano Salvatora, born August 22, 1896, and residing in Terranova.

Finally, (G–10) Pietro Riela produced his certificate of naturalization, No. 2,918,116, dated January 26, 1929, issued to him by the New York Supreme Court for the County of Cayuga, when he resided at 34 Orchard Street, Auburn, New York.

In his deposition, taken September 25, 1962, the defendant gave his name as Anthony Antonio Riela, but refused to answer any further questions put by the Assistant United States Attorney, by availing himself of the privilege of the Fifth Amendment.

Under this claim of privilege, the deponent refused to identify his signature upon an application for a certificate of arrival and preliminary form for a declaration of intention, marked G–13. Having indicated, through his counsel, that he would persist in availing himself of the protection of the Fifth Amendment, the defendant was brought before the Court on October 1, 1962, and was directed to answer the question respecting the signature upon the document. He then denied that it was his signature. The defendant was also directed by the Court to answer further questions (for the refusal to answer which he claimed the Constitutional privilege) and those answers disclosed that when he arrived in the United States in *October 1926* by ship, he met his uncle, Joseph Rizzo, and went to his house on 46th Street in New York City. He denied that he went to 500 Bleeker Street, Utica, New York; that he knew a person named Giuseppe when he filed G–13 (under the name of Antonino Pietro Riela) but then admitted that the signature on that exhibit (G–13) was his. He claimed that he did not remember furnishing the information contained in the exhibit, but thereafter admitted that it was furnished to him by his uncle, Joseph Rizzo.

Confronted with G–14 (bearing the name Antonino Pietro Riela), a statement of facts to be used in making declaration of intention, dated September 22, 1930, the witness (under compulsion) conceded that the signature thereon was his.

He further admitted (again under compulsion) that he was born in San Giuseppe Jato, Palermo.

G–15 (in the name of Pietro Riela) is an application for reentry permit, dated December 30, 1931, and bears the sig-

nature "Pietro Riela." The witness stated that he could not remember making the application.

G–16 (again in the name of Pietro) is a permit to reenter the United States, which bore, according to the defendant's concessions, his handwriting and his picture. The permit was to expire December 7, 1932, but the witness (under compulsion) admitted that he never departed from the country thereunder.

Defendant also admitted (under compulsion) that he was naturalized in Brooklyn; that G–17 (in the name of Antonio P. Riela) is the certificate of citizenship issued to him; and that it bears his signature and photograph. Asked whether he ever lived in Brooklyn, he admitted that he had an address at "some place in Belmont Avenue."

He also admitted that his signature is upon G–18 (in the name of Antonio), an application for a certificate of arrival on a preliminary form for a petition of citizenship, dated May 15, 1933.

Other than as aforesaid, the defendant pleaded lack of memory when ordered to answer other questions. He did, however, admit his handwriting on G–18A (name of Antonio) captioned "Statement of Facts to be Used in Filing my Petition for Citizenship."

He denied that he ever left the United States before his naturalization, but admitted that G–19 (Antonino Pietro) "Declaration of Intention for Citizenship" bore his photograph and handwriting.

He also admitted that G–20 (Antonino Pietro) petition for citizenship, bore his signature.

A letter, dated October 17, 1932, marked G–21 (Antonino Pietro) addressed to the Department of Labor in Washington, concededly bore his signature. This letter explained that he had not used, and was returning the reentry permit.

Defendant's uncle, Joseph Rizzo, who, defendant says, gave him the information which he used in securing the certificate of naturalization, has since died.

G–22 (Antonio) is a voluntary statement given by the defendant to the Police Division of the Department of Public Safety of the City of Newark, which the defendant admits he signed.

\* \* \* \* \* \*

Upon the trial of the case, the Government called as a witness Antonio Falletta, of 652 Lincoln Avenue, Brooklyn, New York, where he had resided since 1931, and who was a citizen of the United States since 1920. Falletta was a witness for the defendant on the latter's application for naturalization. This witness identified the defendant, and testified that the defendant had requested him to act as one of his witnesses because he wanted to become a citizen of the United States, by reason of having a wife and child in Italy. The witness further testified that the defendant had never visited him at his home but that the defendant requested him to procure another witness for him. Falletta knew a person by the name of Kenny and requested him to be a witness for the defendant, with defendant's approval. Defendant was known to the witness as Antonio Riela, whom he had then known for about five years, and who lived a block away from the witness' address, on the same street.

The defendant offered no oral testimony, and his two documentary exhibits, admitted in evidence, were of remote, if any, relevancy to the issues presented for decision.

\* \* \* \* \* \*

■ Section 1451 of Title 8 is constitutional. United States v. Costello, 2 Cir., 1960, 275 F.2d 355, affd. 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551. However, this denaturalization section must be strictly construed in favor of the defendant. United States v. Minker, 3 Cir., 1955, 217 F.2d 350, affd. 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185; United States v. Genovese, D.C.N.J.1955, 133 F. Supp. 820, affd. 3 Cir., 236 F.2d 757, cert. den. 352 U.S. 952, 77 S.Ct. 327, 1 L.Ed. 2d 244.

■ A denaturalization proceeding is essentially an action for the rescission

of the naturalization. In order to prevail, the Government must establish that the defendant was guilty of fraud or misrepresentations and that the Government was deceived thereby. United States v. Anastasio, 3 Cir., 1955, 226 F.2d 912, cert. den. 351 U.S. 931, 76 S.Ct. 787, 100 L.Ed. 1460.

■ Any false statement made by a petitioner for naturalization in a naturalization proceeding constitutes a fraud upon the Government if it is material to the right of the petitioner to be naturalized, and is relied upon by the Government. United States v. Genovese, supra; United States v. Galato, D.C.Pa.1959, 171 F.Supp. 169; United States v. Failla, D.C.N.J.1958, 164 F.Supp. 307; United States v. Accardo, D.C.N.J.1953, 113 F.Supp. 783, affd. 3 Cir., 1953, 208 F.2d 632, cert. den. 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098.

■ That an applicant for naturalization used a name other than his own, failed to disclose his true identity, and concealed facts relating to his identity suffices to vitiate his citizenship certificate. United States v. DeLucia, D.C.Ill. 1957, 163 F.Supp. 36, affd. 7 Cir., 256 F. 2d 1487, cert. den. 358 U.S. 836, 79 S. Ct. 59, 3 L.Ed.2d 72, reh. den. 358 U.S. 896, 79 S.Ct. 152, 3 L.Ed.2d 123; United States v. Perez, D.C.N.Y.1939, 29 F.Supp. 888; United States v. Doshen, 3 Cir., 1943, 133 F.2d 757.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and of the parties to this action.

■ 2. The order of the United States District Court for the Eastern District of New York, dated August 22, 1933, admitting Antonino Pietro Riela, also known as Antonio Riela and Anthony Riela, being the defendant herein, and Naturalization Certificate No. 3,733,920, issued to said defendant pursuant to said order, were procured by said defendant illegally, by concealment of material facts and wilful misrepresentation on the part of said defendant.

3. The order of the United States District Court for the Eastern District of New York, dated August 22, 1933, admitting Antonino Pietro Riela, also known as Antonio Riela and Anthony Riela, the defendant herein, to United States citizenship, is revoked and set aside, effective as of the original date of said order.

4. The certificate of naturalization, No. 3,733,920, issued to said defendant pursuant to the order aforesaid is cancelled, effective as of the original date of said certificate.

5. The certified copy of said certificate of naturalization No. 3,733,920 delivered to said defendant must be surrendered by him to the Clerk of this Court.

6. The defendant, Anthony Riela, whether acting under that or any other name, should be forever restrained and enjoined from setting up or claiming any rights, privileges, benefits or advantages under the aforesaid order or certificate.

7. The Clerk of this Court is directed to transmit a certified copy of the judgment to be entered herein, together with the certified copy of the certificate of naturalization issued to defendant, if surrendered by him, to the United States Commissioner of Immigration and Naturalization Service, Department of Justice, and a certified copy of the judgment to the Clerk of the United States District Court for the Eastern District of New York, at Brooklyn, New York.

8. Plaintiff shall recover from defendant its costs to be taxed.

Submit order for judgment accordingly.