UNITED STATES of America,

v.

Antonio RIELA, Appellant.

No. 14540.

United States Court of Appeals Third Circuit.

Argued March 20, 1964.

Decided Nov. 4, 1964.

Samuel Paige, Paige & Paige, New York City, for appellant.

David M. Satz, Jr., U. S. Atty., Newark, N. J. (Edward J. Turnbach, Asst. U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, GANEY and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This is an action under § 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451(a), to cancel a certificate of naturalization and to revoke the order upon which it issued, on the ground that the certificate and order were procured by the willful misrepresentation and concealment of material facts. The present appeal is from a judgment in favor of the plaintiff which is challenged on the ground that the evidence offered at the hearing was insufficient to sustain the essential allegations of the complaint.

The defendant, known as Anthony Riela and Antonio Riela, was born at San Giuseppe Jato, Italy, on August 5, 1897. He was married to one Giuseppina La Milia on September 3, 1921, and of this marriage a son was born in September of the following year. The defendant entered this country as a stowaway at the Port of New York in October of 1926, and thereafter remained here. These facts were admitted by the defendant in his answer to interrogatories propounded by the plaintiff. The interrogatories and the answers were received in evidence at the hearing.

In September of 1930, the defendant, pursuant to the pertinent provisions of the statute then applicable, filed an "Application for a Certificate of Arrival and Preliminary Form for a Declaration of Intention." There was incorporated in

the document a statement of facts to be used as the basis for his declaration of intention. The defendant, in response to questions which were not ambiguous, stated therein: that his name was Antonino Pietro Riela; that he was born in Terranova, Italy, on August 5, 1896; that his last foreign residence was Terranova; that he entered at the Port of New York on July 8, 1923, as a third cabin passenger on the vessel GUGLIELMO PIERCE; that he was examined by the immigration officers at Ellis Island and paid the head tax; that he travelled on a "passport," and that upon arrival he intended to meet one Giuseppe Vella in Utica, New York. He signed the application "Antonino Pietro Riela." In October of the same year the defendant filed his declaration of intention which contained the same information as that contained in the document filed in September. There is no evidence in the record that the defendant ever went to Utica or that he knew a Giuseppe Vella.

Thereafter, in December of 1932, the defendant filed an "Application for a Certificate of Arrival and Preliminary Form for Petition for Citizenship." There was incorporated in this document a statement of facts to be used as a basis for his petition for citizenship. The said document was accompanied by a separate statement of facts to be used in conjunction with his petition for citizenship. In each of these documents he gave information substantially identical with that given in his earlier application and in his declaration of intention, with one exception. He stated therein that upon arrival he intended to go to Springfield, Illinois, to meet Giuseppe Vella. Although he signed these documents "Antonino Riela," he stated therein that his name was Antonino Pietro Riela.

The defendant executed and filed his petition for naturalization on May 15, 1933, and, again, in response to questions which were not ambiguous, he therein furnished information substantially identical with that furnished in the documents hereinabove mentioned. The defendant was admitted to citizenship and received a certificate of naturalization on August 22, 1933.

The answers given by the defendant in the several documents filed, with only slight variations, pertained not to him but to one Pietro Riela, who was admitted to citizenship in 1929. The said Pietro was born in Terranova, Italy on August 22, 1896; his residence prior to his departure for the United States was Terranova; he entered at the Port of New York on July 9, 1923, as a third class passenger on the vessel GUGLIELMO PIERCE; he travelled on a passport, and upon arrival went to Utica, New York, where he was met by one Giuseppe Vella.

On the basis of these facts, fully supported by the evidence offered on behalf of the Government, the court below found that the defendant illegally procured his certificate of naturalization by willful misrepresentation and the concealment of material facts. The defendant offered no evidence at the hearing except two documents, one of which was properly found to be irrelevant. The court ordered the surrender and cancellation of the certificate and the revocation of the order upon which it issued.

We recognize that in an action under § 340(a) of the Act, supra, the "burden rests on the Government to prove its charges * * * by clear, unequivocal and convincing evidence which does not leave the issue in doubt. Schneiderman v. United States, 320 U.S. 118, 158 [63 S.Ct. 1333, 1352, 87 L.Ed. 1796]. This burden is substantially identical with that required in criminal cases—proof beyond a reasonable doubt." Klapprott v. United States, 335 U.S. 601, 612, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949). There is ample evidence in the record that answers given by the defendant, in response to pertinent questions contained in the various documents, were knowingly false. However, this evidence, standing alone, would not satisfy the requirements as to the burden of proof in the absence of further evidence that the answers were material. Chaunt v. United States, 364 U.S. 350, 355, 81

S.Ct. 147, 5 L.Ed.2d 120 (1960). The false answers given by the defendant were material if they resulted in the suppression of facts which, if known, would have warranted denial of citizenship. Ibid.

The legality of the defendant's naturalization must be determined under the applicable provisions of the statutes as they were at the time of his admission to citizenship. Thereunder, as conditions precedent to the privilege of naturalization, an alien was required to: (a) gain lawful admission into the United States for permanent residence; (b) obtain a valid certificate of arrival showing the date, place and manner of his arrival; (c) make and file a declaration of intention which could have been lawfully made and filed only after the said certificate of arrival had issued; (d) reside in the United States continuously for at least five years immediately preceding the date of his petition for citizenship; (e) file a verified petition for naturalization stating, among other things, the date and place of his birth and the date, place and manner of his arrival. *Act of June 29, 1906* as amended, particularly by the *Act of March 2 1929*. The defendant fulfilled none of these conditions.

■ As prerequisites to lawful admission for permanent residence the defendant was required upon entry to: (a) submit himself for inspection and, if necessary, physical examination by the immigration officials; (b) pay a head tax; (c) produce an unexpired immigration visa. *Sections 15, 16 and 2 of the Act of February 5, 1917, 39 Stat. 875 and 885; § 13(a) of the Act of May 26, 1924, 43 Stat. 161.* He did none of these things. The defendant entered the United States as a stowaway in violation of the laws and therefore his subsequent presence here was unlawful. United States ex rel. Stapf v. Corsi, 287 U.S. 129, 53 S.Ct. 40, (1932); United States ex rel. Georgas v. Day, 43 F.2d 917 (2nd Cir. 1930): It follows that when the defendant filed his petition for citizenship he lacked the permanent legal residence requisite for naturalization. Wer-

blow v. United States, 134 F.2d 791 (2nd Cir. 1943).

■ The declaration of intention made and filed by the defendant was invalid under the express provisions of § 4 of the Act of March 2, 1929, 45 Stat. 1513. The said section provides:

"No declaration of intention shall be made by any alien under such Act of June 29, 1906, as amended, or, *if made, be valid*, until the lawful entry for permanent residence of such alien shall have been established, and a certificate showing the date, place, and manner of his arrival shall have been issued." (Emphasis supplied).

When the defendant's declaration of intention was filed he had not in fact established "lawful entry for permanent residence," and the certificate of arrival issued on the basis of the false information contained in his application. He established nothing more than a false record of entry which made his declaration of intention invalid. The invalidity of the declaration was in and of itself a bar to his right to file a petition for citizenship.

The evidence in this case fully meets the requirements as to proof laid down in Klapprott v. United States and Chaunt v. United States, both supra. There can be no doubt that the defendant, in every document filed, gave false answers to pertinent questions with the willful intent to deceive. The answers were material because they resulted in the suppression of facts which, if known, would have barred the naturalization of the defendant because of his obvious failure to meet the statutory requirements. The case of United States v. Rossi, 299 F.2d 650 (9th Cir. 1962), on which the defendant relies, is distinguishable on its facts.

The defendant argues that the Government failed to prove that it was deceived by the false and fraudulent representations made by him. This argument is without merit. The direct evidence in the record, coupled with the only inferences of which such evidence is rea-

sonably susceptible, amply established that the defendant consistently pursued a fraudulent course of conduct which deceived the Government and resulted in his naturalization. The defendant's reliance on United States v. Anastasio, 226 F.2d 912 (3rd Cir. 1955), cert. den. 351 U.S. 931, 76 S.Ct. 787, 100 L.Ed. 1460, is misplaced. The case is easily distinguishable on its facts, which we need not review here.

The defendant contends that the court below "did not make findings of fact," as required by rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This contention is so contrary to the record as to warrant only brief comment. The court below filed a comprehensive opinion, 215 F.Supp. 914, which contained a recital of the essential charges made against the defendant, a discussion of the relevant evidence, and a concise statement of the findings of fact and conclusions of law.

The judgment of the court below will be affirmed.