TOOKER (FENWICK v.). See Case No. 4,-735.

## Case No. 14,097.

### TOOKER et al. v. THOMPSON et al.

[3 McLean, 92.] [1]

Circuit Court, D. Michigan. Oct. Term, 1842.

DEPOSITION—PLACE OF TAKING—DISTANCE—WHEN WITNESS TO BE SWORN—CERTIFICATE—RECORD.

1. If in the caption of a deposition the place where it was taken is stated, it is sufficient.

2. If the person who takes the deposition certifies that the place is more than a hundred miles from the place of holding court, and that he does not know of an agent of the plaintiff, &c., nearer, it is sufficient.

3. The commissioner who took the depositions, having been appointed by the court, who made the appointment a matter of record, a copy of the record, to make it evidence, requires the certificate of the presiding judge.

[Cited in Bennett v. Bennett, Case No. 1,318.]
[Cited in Hutchins v. Gerrish, 52 N. H. 206.]

4. A witness may be sworn before or after his deposition is reduced to writing.

[This was an action by Tooker & Tubbats against Thompson and others.]

Joy & Porter, for plaintiffs.
Mr. Fraser, for defendants.

The defendants objected to certain depositions: (1) Because it does not appear that the depositions were taken one hundred miles from the place of trial. (2) It does not appear where the depositions were taken. (3) It does not appear that the person who took the depositions was appointed by the court to take depositions. (4) The witness should be sworn to testify the whole truth, and before the facts were stated.

BY THE COURT. By a rule of this court, all formal objections to depositions are required to be stated in writing, before the cause is taken up for trial, or such objections are considered as waived. The above objections come within this rule, as formal.—

[1] [Reported by Hon. John McLean, Circuit Justice.]

But, if this were not so, the objections, with one exception, are unsustainable. In his certificate, the person who took the depositions states that the witnesses live more than one hundred miles from the place of holding the court. This is sufficient. The place is named in the caption, and that complies with the statute. Patapsco Ins. Co. v. Southgate, 5 Pet. [30 U. S.] 604. And it is stated that the defendants have no agent known to the commissioner residing within one hundred miles of the place of taking the depositions.

The objection as to the authority of the commissioner, if made in time, must have been sustained. The certificate of the clerk of the circuit court where he was appointed is in due form. The only objection to it is, that the presiding judge has not certified that the attestation is in due form. But this is essential to make the certificate evidence. The words of the act of congress are, "the records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal. together with the certificate of the judge, chief justice or presiding magistrate, as the case may be, that the said attestation is in due form." This, in terms, applies to the state courts; but the rule is equally applicable to the courts of the United States. The clerk certifies that the person taking these depositions was appointed commissioner, &c. This appointment, being a matter of record, is properly certified by the clerk. But the certificate of the presiding judge is made essential by the act where any matter or judicial proceeding is certified from the record. The words are, "the records and judicial proceeding."

The fourth objection, if made in time, would not have been sustainable. Whether an individual be sworn before he or the justice writes the deposition, cannot be material. If written before the oath, the mind of the witness is drawn specially to the language used, and he swears to it.

But on the ground that the objections under the rule of this court should have been indorsed on the deposition before the cause is called for trial, the objections are overruled.

TOOL CO. (MALTBY v.). See Case No. 9,-001.

## Case No. 14,097a.

### TOOLE v. WASHINGTON.

[Nowhere reported; opinion not now accessible.]