[See Case No. 16,977.[

---

## Case No. 16,979.

### VOCE v. LAWRENCE.

[4 McLean, 203.] [1]

Circuit Court, D. Illinois. June Term, 1847.

DEPOSITIONS—ADMINISTRATION OF OATHS—CERTIFICATION—MISNOMER.

1. A judge of a court. having a right to administer oaths, may administer them in any county in the state.

2. He certifies that a deposition was taken before him, etc. Now a deposition is not properly so called, which is not signed by the deponent. The signature being on the deposition. it was not essential that the judge should certify the fact more particularly as to the signature, than that the deposition was taken before him, and written by him.

3. A mistake in the name of the plaintiff or defendant, aforesaid referring to him as plaintiff

---

[1] [Reported by Hon. John McLean. Circuit Justice.]

or defendant, the name being truly stated in the title, is no ground for rejecting the deposition.

4. The distance, as proved, is more than one hundred miles from the place of taking the deposition, to the place of trial.

[This was a suit by William R. Voce against G. Lawrence.]

Lincoln & Goodrich, for plaintiff.
Butterfield & Collins, for defendant.

McLEAN, Circuit Justice. Under the rule of court, certain objections are made to the mode of taking and certifying depositions, before the jury are sworn: 1st objection. "Because John L. Stevens, a judge of the county of Orange, took the depositions in Palermo, in the county of Oswego." This fact is proved by affidavit. The act of congress provides that "depositions may be taken before any chancellor, justice, or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of any county court of common pleas, or of any of the United States." 2. Because the officer taking said depositions does not certify the distance that plaintiff resided, from the place where the deposition was taken. 3. Because in the deposition the cause is stated by a wrong title. 4. Because the distance is not stated to the residence of the defendant and his attorney, from the place where the deposition was taken. 5. Because the deposition of Jennings, the officer, does not certify that the witness signed it. 6. The same objection is made to the deposition of Wm. B. Burt.

In regard to the first objection, as to the residence of Judge Stevens being in a different county from that in which the deposition was taken, it does not show that he had not power to take it. He was judge of a county, and, as such, had power to administer oaths, any where within the state, although his judicial functions may have been limited to the county of Orange. He is a judge within the act of congress, as authorized to take the deposition.

The distance that plaintiff and also his attorney resided from the place of taking the deposition was such, as proved, as to supersede the necessity of giving personal notice of taking the deposition, under the act of congress [1 Stat. 73]. And this disposes of the second and fourth objections.

The third objection is, that the name of the plaintiff was erroneously stated, in the deposition. The word Anderson was used instead of Voce in the body of the deposition, but this caused no uncertainty, as reference is made to the plaintiff—his name being correctly stated in the title of the case. "Anderson, the above plaintiff," could not mislead any one.

In the fifth objection it is urged that the officer does not certify that the witness signed the deposition. And the same is stated in the sixth objection. The judge certifies that the preceding deposition was reduced to writing by him and that he was not counsel or attorney for either of the parties to the said suit, and that he was not interested in the event thereof. The case [Bell v. Morrison] 1 Pet. [26 U. S.] 355,

is relied on by the defendant. The certificate in that case stated "that the witness, being cautioned and sworn to testify the whole truth, did subscribe the foregoing and annexed deposition, after the same was reduced to writing by him in his own proper hand," was rejected, because it was not testified or proved that the deponent wrote the deposition in presence of the justice. The fact of writing the deposition, in the above case, it seems, was not proved. Great strictness in the proceeding under the act of congress, is required. Indeed, some of the cases have been carried so far as to be rejected by the common sense of every reader. Still, as the procedure is an ex parte one, the act should be strictly construed. Within the meaning of the act there can be no deposition which is not signed by the witness; and the officer in the above case certifies that the deposition was reduced to writing by him. The whole, then, was done in his presence, and the signature of the witness is on the deposition. Now, unless we presume against the integrity of the officer, the witness signed the deposition. It was his signature that made it a deposition. Without it, it was not a deposition. And the officer certifies the deposition was taken before him. The objection is overruled.

There is another objection, because, the order to take the deposition of Lucy Owen, required it to be taken on the 13th of June, and the oath of the defendant was not administered until the 17th of the same month. This does not affect the taking of the deposition.

Objections overruled.