UNITED STATES v. WOOD et al.

(Circuit Court, D. Oregon. December 18, 1903.)

No. 2,806.

1. PENSIONS—OFFENSES RELATING TO CLAIMS—FALSE AFFIDAVITS.

Where the statements made in an affidavit in support of a pension claim are true, it is not a "false or fraudulent affidavit," the making or procuring of which constitutes a crime, under Rev. St. § 4746 [U. S. Comp. St. 1901, p. 3279], merely because it was not in fact sworn to on the date shown in the notary's certificate.

2. SAME—POSTDATING AFFIDAVIT.

The provision of Rev. St. § 4746 [U. S. Comp. St. 1901, p. 3279], which makes it a criminal offense to make or present "any power of attorney or other paper required as a voucher in drawing a pension" which bears a date subsequent to that upon which it was actually signed, cannot be extended by construction to include affidavits to be used in support of a pension claim.

Criminal Prosecution for Violation of Pension Laws. On demurrer to indictment.

John H. Hall, U. S. Atty.

F. P. Mays and John M. Gearin, for defendants.

BELLINGER, District Judge. It is alleged in the first count of the indictment against T. A. and Hosea Wood that they did feloniously, willfully, and knowingly make and procure to be made a false, forged, and fraudulent declaration and affidavit for a widow's pension, under the act of Congress of June 27, 1902, c. 1156, 32 Stat. 399 [U. S. Comp. St. Supp. 1903, p. 387], which said false declaration and affidavit pertained to and concerned the pension claim of Mary E. Biles, and was then and there a matter within the jurisdiction of the commissioner of pensions of the United States.

The alleged false and fraudulent affidavit is set out in full in the indictment. The notary public before whom it was taken in his certificate thereto certifies that it was sworn to before him on the 18th day of August, 1902. The falsity of this affidavit is alleged to

be in the fact that the affiant did not appear before said notary and sign said affidavit, on said date, in the presence of either of the witnesses therein named, or at or near the said 18th day of August, 1902. The second count in the indictment charges the defendants with knowingly and willfully presenting the affidavit set out in the first count to the commissioner of pensions at Washington, for the purpose of fraudulently procuring a pension. The third and fourth counts are substantially like the first and second, except that the alleged false affidavit in those counts is false in that it purports to have been signed on the 30th of June, 1902, whereas in fact it was signed on the 18th day of that month.

Section 4746 of the Revised Statutes [U. S. Comp. St. 1901, p. 3279], under which this indictment is found, provides for cases (1) where a person knowingly or willfully makes or aids, or assists in the making, or in any wise procures the making or presentation, of any false or fraudulent affidavit, etc., concerning any claim for pension, etc.; (2) where a person makes or aids, or assists in the making, or presents or causes to be presented, at any pension agency, any power of attorney or other paper required as a voucher in drawing a pension, which paper bears a date subsequent to that on which it was actually signed or acknowledged; (3) where a person before whom any affidavit, voucher, or other writing to be used in aid of the prosecution of a claim for pension purports to have been executed, shall knowingly certify that the affiant or witness named personally appeared before him, and was sworn thereto, or acknowledged the execution thereof, when, in fact, such affiant or witness did not personally appear before him, or was not sworn thereto, or did not acknowledge the execution thereof.

It does not appear that the affidavits alleged to be false contained any false averment, or were not subscribed and sworn to before the officer named, by the person whose signature is attached as affiant, or that the persons whose names appear as witnesses were not present as certified. The alleged falsity of the affidavits consists, as already stated, in the fact that they were not subscribed and sworn to, in one case on or near the date named in the certificate, and in the other case that such subscription and oath, instead of being made on the 30th of June, as certified, were made on the 18th of that month. This false statement as to the date of the subscription and oath does not make the affidavit a false or fraudulent one. If the statements in the affidavit are true, it is not a false affidavit (United States v. Glasener [D. C.] 81 Fed. 567), even if not subscribed and sworn to by the person whose affidavit it purports to be. In the latter case the affidavit would be a forged one, for which the guilty party would be liable under section 5421 of the Revised Statutes [U. S. Comp. St. 1901, p. 3667].

The statute under which this indictment is found makes it a crime to antedate any power of attorney or other paper required as a voucher in drawing a pension. It follows that the antedating of any paper not within this description is not within the statute. The statute cannot be construed so as to include what the language employed has omitted. It is argued that this clause of the statute is restricted to pa-

pers used as vouchers in drawing pensions, because the false dating of all other writings had already been provided for in the clause which denounces the making of false affidavits, declarations, certificates, vouchers, concerning any claim for pensions or payment thereof. But the phrase "false and fraudulent writings," mentioned in this clause, is broad enough to include powers of attorney and other papers used as vouchers. They are papers concerning claims for pensions or payment thereof, and "vouchers" are expressly named with the other false papers, the making of which is a crime by this provision. It is obvious that the provision against antedating powers of attorney, or other papers used as vouchers in drawing pensions, was not intended to provide for a class of false papers not already provided for, but was intended to reach an act not punishable under the provision relating to false papers.

The demurrer is sustained.