## GAGLIONE v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
November 5, 1929.

No. 2394.

William H. Lewis, of Boston, Mass. (Matthew L. McGrath, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an appeal from a conviction for perjury in a naturalization proceeding. The appellant's learned counsel has strenuously urged error, mainly in overruling a demurrer to the indictment. We are forced to the conclusion that his contentions are exceedingly technical and entirely unsound.

The indictment alleged, in substance, that Gaglione, after the filing of his petition for naturalization, appeared before Allen F. Church, Assistant Director of Naturalization, for a preliminary hearing on his pending petition for naturalization and for the findings and recommendations of the said Church as affecting his admissibility for naturalization; that Gaglione was duly sworn before said Church, and was asked if he had ever been arrested, to which he replied, "No," whereas in fact he had been arrested several times for offenses duly described in the said indictment.

No question is made that Church was duly designated under the Act of June 8, 1926, 44 Stat. 709 (8 USCA § 399a), an examiner in the Bureau of Naturalization, "to conduct preliminary hearings upon petitions for naturalization to such court, and to make findings and recommendations thereon. For such purposes any such designated examiner or officer is hereby authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any petitioner for naturalization, to subpœna witnesses, and to administer oaths, including the oath of the petitioner to his petition and the oath of his witnesses."

The same statute also provides:

"(b) The findings of any such designated examiner or officer upon any such preliminary hearing shall be submitted to the court at the final hearing upon the petition required by section 9 [8 USCA § 398] with a recommendation that the petition be granted or denied or continued, with the reasons therefor. Such findings and recommendations shall be accompanied by duplicate lists containing the names of the petitioners classified according to the character of the recommendations and signed by the designated examiner or officer. The judge to whom such findings and recommendations are submitted shall by written order approve such recommendations with such exceptions as he may deem proper."

The gist of the contention of defendant's learned counsel was that it was no part of Church's duty to inquire whether an applicant for naturalization had been arrested. This is plainly not so.

Under the Act of June 29, 1906, 34 Stat. 596, 598, U. S. C. Title 8 (8 USCA § 382), it is provided that

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided con-

tinuously within the United States, *five years at least,* and within the State or Territory where such court is at the time held one year at least, and that *during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States,* and well disposed to the good order and happiness of the same."

See, also, Act of March 2, 1929, 45 Stat. 1512.

Clearly the inquiry as to whether the applicant had been arrested was (at least as a preliminary question) pertinent evidence as to whether he had for "five years at least * * * behaved as a man of good moral character." It was the duty of the examiner to take all evidence pertinent to the proper performance of his duty in making a recommendation to the court concerning the fitness of the applicant for naturalization, including his moral character. His function was closely analogous to that of a master in equity.

The defendant was plainly and adequately charged with false swearing, or perjury, in a naturalization proceeding, and duly convicted thereof, under section 80 of the Criminal Code, USCA Title 18, § 142:

"(Criminal Code, section 80.) *Falsely swearing in Naturalization Cases.* Whoever, in any proceeding under or by virtue of any law relating to the naturalization of aliens, shall knowingly swear falsely in any case where an oath is made or affidavit taken, shall be fined not more than $1,000 and imprisoned not more than five years."

There is no merit in the errors assigned.

The judgment of the District Court is affirmed.