## REIN v. UNITED STATES.
No. 5264.

Circuit Court of Appeals, Third Circuit.

Feb. 6, 1934.

John S. Pyle, of Pittsburgh, Pa., for appellant.

Horatio S. Dumbauld, U. S. Atty., John A. McCann, Sp. Asst. U. S. Atty., and James I. Marsh, Asst. U. S. Atty., all of Pittsburgh, Pa., for the United States.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

In a naturalization proceeding Ustin Lysenak, an alien applying for citizenship, produced Abram Rein as one of the "two credible witnesses" required by the statute (8 USCA § 379) to testify that the applicant is a person of good moral character and that, in his opinion, he is in every way qualified to be admitted as a citizen of the United States. In response to a question propounded by the Examiner of the Bureau of Naturalization, Rein testified under oath that he had never been arrested or charged with violation of any law of the United States, particularly with violation of the National Prohibition Law (27 USCA), whereas in truth he (Rein) had been arrested and convicted for the unlawful possession of intoxicating liquor. Accordingly, Rein was indicted on four counts and convicted of this and like offenses for violating section 80 of the Act of March 4, 1909, 35 Stat. 1103, R. S. § 5395, 18 USCA § 142, which provides: "Whoever, in any proceeding under or by virtue of any law relating to the naturalization of aliens, shall knowingly swear falsely in any case where an oath is made or affidavit taken, shall be" fined and imprisoned. From the judgment of sentence Rein has taken this appeal on two grounds: One that the indictment, alleging a false answer merely as to arrest, does not charge an offense against the United States; the other, that the proof adduced thereunder did not establish an offense against the United States. Both questions turn on the same point: Whether the false answer of the witness as to his arrest was material to the naturalization of the applicant, then under consideration, within the familiar rule that to constitute the crime of perjury or false swearing, the testimony must be material to the matter in hand, and within the

equally familiar rule of trials that a question in respect to the arrest of a witness—an accusation distinguished from a conviction—is inadmissible because insufficient to impeach the witness. Coyne v. United States (C. C. A.) 246 F. 120; Glover v. United States (C. C. A.) 147 F. 426, 8 Ann. Cas. 1184; Souza v. United States (C. C. A.) 5 F.(2d) 9; 2 Wigmore on Evidence, §§ 980, 982.

The latter rule, whose purpose is to obtain from the witness the facts of the case on trial, does not apply with equal force to naturalization proceedings where the purpose is not to impeach the witness or to lay grounds for impeachment with respect to facts to which he has testified but is to obtain his "opinion" with respect to the applicant's qualification for citizenship.

Naturalization proceedings differ from trial proceedings wherein rights are asserted, contested and determined. Naturalization proceedings, where no rights are involved, are merely administrative of the naturalization laws and constitute an inquiry into the applicant's fitness for citizenship, involving his good moral character, his outlook on society, his adherence to organized government, and, particularly, his disposition with relation to the theory of our government. Grant of citizenship is a favor which an alien asks of the sovereign and which the sovereign may withhold altogether or may grant on conditions it has named of which, in this instance, one is that, first of all, he must show himself to be a man of good moral character. He can make this showing in part by becoming a witness in his own behalf and in part out of the mouths of witnesses qualified to speak. The requirement of truth and the qualification of those purporting to speak the truth apply equally to the applicant and his witnesses, for on the truth of what they say depends the valid grant of citizenship. United States v. Saracino (C. C. A.) 43 F. (2d) 76; United States v. DeFrancis, 60 App. D. C. 207, 50 F.(2d) 497.

The testimony of a witness vouching for the good moral character of the applicant is valuable or valueless according as his own moral character is good or bad. A witness, who, if an applicant for citizenship, is himself disqualified, would, obviously, not be qualified to testify to the qualification of another. The good moral character of one person can scarcely be proved by a witness who has none. It follows, therefore, that the proceeding of inquiry extends to the witness also. So the question whether he had been arrested and charged with the violation of any law of the government, a grant of whose citizenship he was invoking by his testimony, goes directly to his qualification to give an opinion as to the good moral character of the applicant. A false answer that conceals his lack of qualification to testify or that heads off further inquiry is precisely what the statute forbids. Although the mere arrest of a person does not prove that he is a man of bad moral character, the inquiry in these proceedings as to arrest of a witness is but the first step of others that normally would follow in ascertaining the qualification of the witness to testify. And so the question here asked of the defendant—as to whether he had ever been arrested—was, we think, proper, at least preliminarily, for according as he truthfully answered "No," the government (other matters being satisfactory) would grant the privilege of citizenship and according as he falsely answered "No," the government was thwarted in its inquiry and was thereby induced improperly to grant citizenship to one not shown to be qualified to receive it. Thus, in view of the nature of the proceeding, the false answer became material. Of the same opinion evidently was the Circuit Court of Appeals for the First Circuit as indicated in Gaglione v. United States, 35 F.(2d) 496, which is a case precisely like this one except the party who falsely testified in respect to his arrest was the applicant himself instead of the applicant's witness. The provision of the statute ("whoever * * * shall knowingly swear falsely") makes no distinction between those testifying. Referring to United States v. Bressi (D. C.) 208 F. 369, for a general consideration of the subject and citing Gaglione v. United States, supra, as an authoritative decision, we find the indictment in this case charged an offense against the United States and the proof established the offense. It follows the judgment must be affirmed.