UNITED STATES v. PALMERI.
Civ. A. No. 3185.

District Court, E. D. New York.
Nov. 1, 1943.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, of Brooklyn, N. Y., of counsel), for plaintiff.

George J. Todaro, of New York City, for defendant (no appearance at trial).

BYERS, District Judge.

In this proceeding, the government seeks the cancellation of Certificate of Naturalization No. 4967065, issued to the above-named defendant by the United States District Court for the Southern District of New York under date of June 16, 1941, because it is said to have been fraudulently and illegally procured, in that the defendant failed to disclose to that court that on May 28, 1941, he had been arrested, pursuant to a warrant, and held by a Commissioner for action of the Grand Jury, in this District.

The records of this court show that there was such an arrest, and that the defendant was advised that the cause of his

arrest was his alleged implication in the operation of an unregistered still. He was admitted to bail by the Commissioner, and that was the status of affairs on June 16, 1941, when he appeared before the Southern District Court at a Naturalization Term pursuant to a notice to appear for final hearing upon his petition.

It is found that he did so appear, and failed to disclose to the court or to any clerk or examiner that he had been arrested and admitted to bail upon the charge in question. His petition, which had been filed on January 9, 1941, was granted, and said Certificate was issued to him.

The subsequent course of the criminal proceedings, according to the files of this court, was as follows:

By indictment filed March 24, 1942, he and another were charged with having in their possession and custody and control a 500-gallon still; and with making and fermenting mash, and with commencing and continuing the business of a distiller, without filing notice of intention; and with possession of distilled spirits in unstamped containers; and also with participating in a conspiracy beginning on or about the 30th of April, 1941, to violate certain provisions of the Internal Revenue Code, 26 U.S.C.A., namely, Sections 2803(a), 2814, 2833, 2831 and 2834, and 5 U.S.C.A. Sections 281 to 281e, inclusive, having to do with the substantive offenses as alleged.

The conspiracy of course envisaged the setting up of the unregistered still, the distillation of mash, and the possession of distilled spirits in unstamped containers.

On March 26, 1942, the defendant pleaded guilty to the conspiracy count, and was sentenced to serve a year and a day and to pay a $500 fine. The sentence has been served.

The foregoing facts are not contested, and the defendant said on his own behalf that the reason that he did not reveal anything about his arrest of May 28, 1941, on June 16, 1941, when he appeared for final hearing, was that nobody asked him anything about it, and that he was very happy to complete his naturalization process on that day and obtain the said Certificate.

It must be evident that, if the defendant had disclosed to the court the fact that he had been arrested and was then enlarged on bail pending the action of the Grand Jury, the consideration of his petition would have been deferred pending the disposition of the charge. It must be equally evident that, if the final hearing had been adjourned until after March 26, 1942, on which occasion he was convicted under his plea of guilty, the petition ultimately would have been denied on the ground that during all of the periods referred to in subsection (a) of 8 U.S.C.A. § 707, the defendant had failed to prove that he had "been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States", as evidenced by his said conviction.

The requirement was not satisfied, even though it was initially met as of January 16, 1941, when the petition was filed, in view of that which happened between the date of filing and the date of the final hearing on June 16, 1941, because it was a continuing statutory requirement, which survived the filing date of the petition, and persisted until and including the date of the final hearing. Cf. In re Bonner, D.C., 279 F. 789.

The failure to disclose the arrest was the failure to perform a duty which the applicant owed to the court, and it was that failure which led the court to grant the petion; thus the defendant revealed a lack of the good moral character which it was his duty to establish. It results that the Certificate of Naturalization so procured must be cancelled, and the prayer of the complaint must be granted.

Settle decree on notice.