UNITED STATES v. JEROME.

UNITED STATES v. RADZIE.

UNITED STATES v. RONCH.

United States District Court
S. D. New York.

July 8, 1954.

See, also, D.C., 115 F.Supp. 818.

J. Edward Lumbard, U. S. Atty., New York City, George C. Mantzoros, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Blanch Freedman & Gloria Agrin, New York City, for defendants.

WEINFELD, District Judge.

The defendants in these actions to revoke citizenship for concealment of material facts and wilful misrepresentation move to vacate notices to take their depositions served by the Government pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Their contention, based upon Bindczyck v. Finucane, 1951, 342 U.S. 76, 72 S.Ct. 130, 96 L.Ed. 100, is that the statute governing cancellation of naturalization is a self-contained exclusive procedure and consequently that the Federal Rules of Civil Procedure are not applicable to this case. The petitioners then urge that no depositions can be taken because the statute governing denaturalization makes no provision for the taking of depositions. I find this argument without merit and the Bindczyck case inapposite to the immediate issue.

That case holds that § 338 of the Nationality Act of 1940 [1] provided the exclusive procedure for the revocation of a certificate of naturalization procured illegally or through fraud not appearing on the face of the record; that this self-contained exclusive procedure denuded the 48 states of power to void naturalization where such fraud or illegal procurement was charged. The Supreme Court did not hold—and nothing in its ruling warrants the inference now advanced by these petitioners—that the

1. Now covered by 8 U.S.C.A. § 1451(a), § 338 of the Act of 1940 having been repealed by the Immigration and Nationality Act of June 27th, 1952, 66 Stat. 166.

procedures available to all other litigants under Title 28 and the Federal Rules of Civil Procedure were to be denied to the Government as a litigant in an action to revoke naturalization. On the contrary, there is strong reason to uphold its right as a litigant to avail itself of the procedures authorized by the Rules.

■ A suit to revoke citizenship is a civil action—an action in equity.[2] The Federal Rules of Civil Procedure apply to all civil actions unless specifically excepted by Rule 81.[3] The applicability of the Rules to denaturalization proceedings is emphasized by subsection (6) of Rule 81 which not only does not remove denaturalization proceedings from the coverage of the Rules, but specifies only two exceptions with regard to such proceedings—i. e., in the instances of service by publication and the time to file an answer, both of which are expressly provided for in the existing statute governing revocation proceedings[4].

■ Just as the Government as a litigant in a denaturalization proceeding is bound by the same rules which apply to all other litigants except as the law may otherwise expressly provide,[5] so, too, it is entitled to the benefit of the procedures available to all civil litigants. One searches in vain for any indication in the Immigration and Nationality Act or in the lengthy debates that preceded its enactment that Congress intended to deny the Government, or, indeed, the defendant, use of the Federal Rules save as specifically excepted in Rule 81.

Accordingly, the plaintiff is entitled to take the depositions of the defendants under the Rules.

 The defendants' contention that the notices should be vacated for failure to show "good cause" and that, in effect, they are "fishing expeditions" is entirely without merit.[6]

The application for adjournment of the examinations is granted as indicated upon the argument of the motion.

Settle order on notice.

---

**2.** Luria v. United States, 231 U.S. 9, 27–29, 34 S.Ct. 10, 58 L.Ed. 101; United States v. Kusche, D.C.Cal., 56 F.Supp. 201, 225.

**3.** Rule 1 of the Federal Rules of Civil Procedure.

**4.** 8 U.S.C.A. § 1451(b).

**5.** In re Oddo, D.C., 117 F.Supp. 323.

**6.** Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.