UNITED STATES of America,
Petitioner-Appellee,

v.

Leo FISHER, Respondent-Appellant.

No. 12146.

United States Court of Appeals
Seventh Circuit.

July 25, 1958.

Pearl M. Hart, Edmund Hatfield, Chicago, Ill., for appellant.

Hon. Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Charles Gordon, Regional Counsel, N. W. Region, Immigration and Naturalization Service, St. Paul, Minn., of counsel.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

On April 29, 1954 the government filed a petition in the district court under § 338(a), Nationality Act of 1940 [54 Stat. 1158, 8 U.S.C. § 738(a)] as continued in force and effect by § 405(a), Immigration and Nationality Act of 1952 [66 Stat. 280, 8 U.S.C.A. § 1101 note] and § 340(a), Immigration and Nationality Act of 1952 [66 Stat. 163, 8 U.S.C.A. § 1451(a)] against Leo Fisher, appellant-respondent. By way of amendment to that petition, the government on May 3, 1954 supplied the statutory affidavit of Reuben Speiser. Respondent challenged the timeliness in filing that affidavit, required under § 340 of the 1952 Act, at several stages of the proceedings below including the motion for judgment notwithstanding the verdict or for a new trial.

■■ The judgment appealed is reversed and remanded with directions to dismiss the complaint on the authority of the per curiam decision reported as Matles v. United States, 1958, 356 U.S. 256, 78 S.Ct. 712, 2 L.Ed.2d 741 stating *inter alia:* "An affidavit showing good

cause is a prerequisite to the initiation of denaturalization proceedings. The affidavit must be filed with the complaint when the proceedings are instituted." We think amending in reliance on Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C. concedes [1] omission of the indispensable affidavit at the time of initial filing.

Judgment reversed.

SCHNACKENBERG, Circuit Judge (dissenting).

Unsupported by any statute, rule or court decision, the majority opinion reverses a decree of denaturalization, entered in accordance with a verdict of an advisory jury as well as findings of fact and conclusions of law filed by the district court, following a trial commencing March 5, 1956 and ending March 13, 1956. The sufficiency of neither the charges nor the evidence is discussed in the majority opinion. No reason is advanced for the reversal except that the statutory affidavit required to support a denaturalization proceeding was filed, by way of an amendment to the petition [1a] for denaturalization, *four days* after that petition was filed. It appears to me that that reason is insufficient for such drastic action.

The petition sought cancellation of respondent's citizenship, awarded him September 4, 1945, and was predicated on § 338(a) of the Nationality Act of 1940, 54 Stat. 1158 (charging defendant with obtaining his naturalization fraudulently and illegally), and § 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1451(a) (charging that the naturalization was induced by concealment of material facts and wilful misrepresentations).

The petition, following its caption, alleged:

"The United States of America, by Robert Tieken, United States Attorney for the Northern District of Illinois, herewith presents its petition and *affidavit* under and pursuant to Section 338(a) of the Nationality Act of 1940 (54 Stat. 1158; 8 U.S.C. 738(a) as continued in force and effect by Section 405(a) of the Immigration and Nationality Act of 1952 (66 Stat. 163; 8 U.S.C. 1451 (a)) against Leo Fisher, Respondent herein." (Italics supplied.)

Although this petition was filed on April 29, 1954, the affidavit referred to was not actually attached to or filed with the petition. On May 3, 1954 an amendment to the petition was filed by the United States district attorney, by leave of court. This amendment included an affidavit of an attorney of the Immigration and Naturalization Service, United States Department of Justice, who asserted therein that he had access to the official records of the said Service, from which the facts relied upon by the government to show good cause for the filing of said petition were obtained. The affidavit was subscribed and sworn to at Washington, February 23, 1954.

The amendment, including the affidavit aforesaid, was filed before the summons was served upon respondent and before he had appeared or answered the petition. In no way is it apparent that respondent was prejudiced by the filing of the statutory affidavit at the time and in the manner above outlined. The majority opinion does not say that he was prejudiced. Yet it overturns the entire results of a lengthy trial and a decree entered, not only pursuant to the verdict of the advisory jury, but in accordance with the district court's findings of fact and conclusions of law.

The purpose of the filing of such an affidavit is revealed in United States v.

---

1. In its brief at page 15, the government states regarding timeliness of the affidavit: " * * * (T)he petition recites that the affidavit is 'herewith' presented, and although the government supplied the omitted affidavit by amendment be-fore the petition was served and *within four days after it was filed.*" (Italics supplied.)

1a. The first pleading in a denaturalization proceeding is referred to as a petition, and also sometimes as a complaint.

Zucca, 351 U.S. 91, 76 S.Ct. 671, 100 L. Ed. 964. It was there made clear 351 U. S. at page 99, 76 S.Ct. at page 676, that Congress, in enacting § 340(a), recognized the danger that the mere filing of a proceeding for denaturalization results in serious consequences to a defendant and that, even if his citizenship is not canceled, his reputation is tarnished and his standing in the community damaged. Congress therefore provided that a person, once admitted to American citizenship, should not be subject to legal proceedings to defend his citizenship without a preliminary showing of good cause, hence the requirement of an affidavit showing good cause.

The majority opinion relies on Matles v. United States, 356 U.S. 256, 78 S.Ct. 712, 2 L.Ed.2d 741, in which rulings of the Court of Appeals for the second circuit were reversed. The majority has used certain language quoted in the Matles opinion. However, in the Matles case, United States v. Matles, 2 Cir., 247 F.2d 378, not only was no affidavit of good cause filed with the complaint, but *six months later* the defendant moved to dismiss the complaint for want of such an affidavit, and it was not until *four months thereafter* that the government by an amended complaint introduced the required affidavit. In the Lucchese case, United States v. Lucchese, 2 Cir., 247 F.2d 123, also involved in Matles v. United States, supra, the government's complaint for denaturalization was filed November 17, *1952,* unaccompanied by a statutory affidavit. Lucchese, on October 27, *1955* moved to dismiss the complaint for failure to file the affidavit. The government filed such an affidavit on *November 23, 1955.* In both of these cases, when the respondent was brought into court the complaint which he was required to answer was *then* unaccompanied by a statutory affidavit. Under

the Zucca case, he was then entitled to have the complaint dismissed because of the omission of the affidavit. However, in the case at bar, when respondent Fisher was summoned to answer the petition it included (by amendment) a statutory affidavit.[2] He was in no way prejudiced by the fact that it was incorporated in the record by an amendment rather than by the original complaint. Obviously its omission was due to mere inadvertence as the affidavit had been in existence for months before the complaint was filed. Moreover, a reference to a calendar for 1954 will show that Saturday and Sunday intervened between the filing of the petition and its amendment. It is difficult to see how the time of the filing of the statutory affidavit in this case in any way affected the rights of respondent. Absent such a showing, it is improper to reverse the decree of denaturalization on the ground relied on by the majority.

Furthermore, a denaturalization proceeding is a civil action.[3] See United States v. Jerome, D.C., 16 F.R.D. 137, 138. Rule 15(c) of Federal Rules of Civil Procedure[4] provides:

> *"(c) Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Thus, the amendment filed May 3, 1954 has the same legal effect as if the petition filed on April 29, 1954 included the affidavit.

Accordingly, I dissent from the holding permitting respondent to retain his American citizenship on the illusory ground relied upon by the majority opinion.

2. The legal sufficiency of the contents of the affidavit is not attacked by the majority opinion.

3. 28 U.S.C.A. rule 81(a) (1) and (6), Federal Rules of Civil Procedure.

4. 28 U.S.C.A. rule 15(c).