**UNITED STATES of America**
v.
**Joseph (Guiseppe) GALATO.**
**Civ. A. No. 5141.**

United States District Court
M. D. Pennsylvania.
Feb. 25, 1959.

Daniel H. Jenkins, U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for the United States.

Albert H. Aston, Nathan Hyman, Wilkes-Barre, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

The United States Attorney, based upon an affidavit [1,2] showing good cause therefor, filed a complaint and accompanying affidavit in this district, wherein Joseph (Guiseppe) Galato, a naturalized citizen, resides, for the purpose of revoking and setting aside the order admitting said person to citizenship and cancelling the certificate of naturalization issued to him on the ground that such order and certificate of naturalization were procured by concealment of a material fact and by wilful

---

[1] Of an attorney in the Immigration and Naturalization Service of the United States Department of Justice, sworn to and subscribed before the Assistant General Counsel authorized to administer oaths by § 332(d) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1443(d)—Administrative Regulations, see § 332d.1, Tit. 8 C.F.R., Vol. 2, U.S. Code Cong. and Adm.News 1953, p. 2647. As to the need for an affidavit, see United States v. Zucca, 1956, 351 U.S. 91, 76 S. Ct. 671, 100 L.Ed. 964; content and sufficiency, see Nowak v. United States, 1958, 356 U.S. 660, 662, 78 S.Ct. 955, 2 L.Ed.2d 1048; Maisenberg v. United States, 1958, 356 U.S. 670, 672, 78 S.Ct. 960, 2 L.Ed.2d 1056; time of filing, see Matles v. United States, 1958, 356 U.S. 256, 78 S.Ct. 712, 2 L.Ed.2d 741.

2. While the question was not raised by counsel, the jurat shows the year, not the month and date thereof.

"The jurat is a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer." 2 C.J.S. Affidavits § 21(a), p. 961; United States v. McDermott, 1891, 140 U.S. 151, at page 153, 11 S.Ct. 746, 35 L.Ed. 391; United States v. Julian, 1896, 162 U.S. 324, 325, 16 S.Ct. 801, 40 L.Ed. 984.

Technically and strictly speaking, the jurat is no part of the affidavit but simply evidence of the due administration of the oath. 2 C.J.S. Id., at p. 961; United States v. Glasener, D.C.S.D.Cal.1897, 81 F. 566, at page 568; United States v. Wood, C.C.D.Ore.1903, 127 F. 171, 172; 1 Am.Jur., Affidavits § 18. "Where the jurat is lacking, the fact that the statements were properly sworn to before an authorized officer may be shown aliunde * * *." 2 C.J.S. Id. § 21(b), p. 962; Borough of Pottsville v. Curry, 1859, 32 Pa. 443; Cusick's Election, 1890, 136 Pa. 459, at page 476, 20 A. 574, at page 578, 10 L.R.A. 228, and see 1 Am.Jur., Affidavits, § 19, p. 946.

"Generally, omission of the date in the jurat is not fatal to the affidavit if it is otherwise shown that the oath was taken in due season * * *." 2 C.J.S. Id. (b), (d) (5), p. 965. As to the purpose of an affidavit, see United States v. Zucca, supra, 351 U.S. at page 99, 76 S. Ct. at page 676, and see dissenting opinion Schnackenberg J., United States v. Fisher, 7 Cir., 1958, 258 F.2d 362, at page 364. We hold the omission of the month and date to be a mere inadvertence or irregularity, subject to amendment nunc pro tunc, and not fatal to these proceedings.

misrepresentation.[3] Jurisdiction arises from § 340(a) of the Immigration and Nationality Act of 1952 as amended, 8 U.S.C.A.Supp. § 1451(a) (1953 Ed.) and see § 340(i) Id., 8 U.S.C.A. § 1451(i).

February 19, 1934, defendant, a native of Italy, using the name Guiseppe Galato, filed an "Application For A Certificate Of Arrival and Preliminary Form For Petition For Citizenship", stating his desire to file a petition for citizenship in the Common Pleas Court at Wilkes-Barre, Pennsylvania, in accordance with the naturalization law, and submitted a detailed statement of facts relative to his arrival in 1912, nativity 1894, parentage, transportation, place of residence, absence from the United States, employment, etc.

In reply to question No. 31, "Have you ever been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation?", defendant answered "no". At the end thereof defendant stated "I certify that all the statements made by me in this application and form are true to the best of my knowledge and belief", and subscribed his name thereto.

February 20, 1934, at a preliminary examination under oath by a duly authorized naturalization examiner for the purpose of ascertaining his qualifications for naturalization, defendant, upon being questioned as to the truth and accuracy of all averments made by him in his Application and Preliminary Form filed the previous date, stated he had never been arrested.

That same date defendant filed a Petition for Citizenship and immediately thereafter stated under oath to a duly authorized and designated naturalization examiner, that all statements made by him during the course of his naturalization proceeding were true and correct.

Defendant, as an alien, was drafted into the United States Army May 17, 1918; honorably discharged December 23, 1918. He served overseas in England from August 9, 1918 to December 10, 1918. He was married to a native born citizen June 31, 1931.

3. Count 3 adds that because defendant made false statements orally under oath and in writing during the course of his naturalization proceedings he had not behaved as a person of good moral character during the statutory period; was not a person qualified for naturalization under the law, and his naturalization was therefore "illegally procured", citing § 338(a) of the Nationality Act of 1940 as amended, 8 U.S.C.A. § 738(a) (1942 ed.) contending that said section was continued in force and effect by § 405(a) of the Act of 1952, supra, 8 U.S.C.A. § 1101 Note.

§ 338(a) derived from § 15 of the Act of June 29, 1906, 34 Stat. 596, 601 (the first enactment providing for denaturalization, see United States v. Zucca, D.C. S.D.N.Y.1954, 125 F.Supp. 551, affirmed 2 Cir., 1955, 221 F.2d 805; United States v. Zucca, supra, 351 U.S. 91, 76 S.Ct. 671, and see Bindczyck v. Finucane, 1951, 342 U.S. 76, 72 S.Ct. 130, 96 L.Ed. 100) provided relief on the ground of "fraud or * * * that such order and certificate of naturalization were illegally procured". We do not stop to consider whether or not any independent grounds would be thereby added. Cf. Knauer v. United States, 1946, 328 U.S. 654, at page 657, 66 S.Ct. 1304, at page 1306, 90 L.Ed. 1500, "Fraud connotes perjury, falsification, concealment, misrepresentation. When denaturalization is sought on this * * * as well as on other grounds * * * the standard of proof required is strict * * *."

Placing § 340(a), 340(i); 403(b) repeal; § 405(a) savings clause, and § 405 (b) of the Act of 1952, supra, 8 U.S. C.A. § 1101 Note, in context, we agree with United States v. Harajovic, D.C. Mass.1954, 125 F.Supp. 659, that the provisions of § 338(a) do not apply to proceedings for denaturalization commenced, *as here*, after the effective date of the Act of 1952, i. e., December 24, 1952, *non constat* the naturalization proceedings had occurred prior thereto. In accord see United States v. Shinkevich, D.C. E.D.Pa.1955, 131 F.Supp. 547; United States v. Miller, D.C.N.D.Cal.S.D.1957, 152 F.Supp. 27, at pages 29–30; United States v. Chandler, D.C.D.Md.1955, 132 F.Supp. 650, at pages 654–657; United States v. Stromberg, 5 Cir., 1955, 227 F. 2d 903, at page 905 et seq., and Note 6 thereof at page 907; and cf. United States v. Fisher, D.C.Ill.1955, 137 F. Supp. 519, reversed on other grounds 7 Cir., 1958, 258 F.2d 362.

By virtue of the provisions of § 1(a) of the Act of May 25, 1932, 47 Stat. 165, as amended and continued in force and effect by the Act of June 24, 1935, 49 Stat. 395, earlier 8 U.S.C. *, defendant was required to prove that for a period of at least two years [4] immediately preceding the date of his petition and continuing up to and including admission to citizenship, he had behaved as a person of good moral character.

Defendant now admits having been arrested in Pennsylvania:

(1) On March 21, 1922, for highway robbery; and that he was convicted and sentenced on October 27, 1922, for statutory robbery and burglary, to confinement for not more than four nor less than two years, and to pay a fine of $25 and costs.

(2) On February 5, 1929, for investigation and suspicion of highway robbery; charge dismissed for lack of evidence.

(3) On February 8, 1929, possession of a still in violation of the laws of the Commonwealth of Pennsylvania, and that he was convicted and sentenced on April 1, 1929, for possession and manufacturing of untaxed liquor, to confinement for two years and to pay a fine of $100 and costs.

(4) On March 19, 1934, for frequenting a gambling establishment; convicted and fined $10 and costs.

Defendant did not either before or at the final hearing give any information as to prior arrests or that of March 19, 1934.

May 23, 1934, at a final hearing, before the United States District Court for this District, the naturalization examiner, relying upon the truth and accuracy of defendant's oral and written statements, stated defendant was qualified for naturalization and recommended that his petition be granted. Relying upon the information furnished and the examiner's recommendation, the court granted the petition. Certificate No. 3628739 was thereupon issued in the name of Joseph Galato.

While no transcript of testimony was ordered by either party, James P. Dillon, a naturalization examiner for twenty-five years, testified that he processed defendant's papers; produced and identified the several documents.[5] Using the records per se—although he did not have a distinct independent present recollection—with a recollection refreshed [6] by the records, the custom and practice of the agent and departmental regulations,[7] he identified red check marks on the papers as having been placed there by him; stated that defendant supplied the information and made the answers contained in the several papers and signed his name thereto; that defendant at the preliminary examination was asked and answered under oath that he had not been arrested and that he signed the several papers; that on February 20, 1934, both before and after he filed his Petition for Citizenship, he was asked under oath and replied that the answers given in the several papers were true and correct.

◾ The defense called only two witnesses, defendant and his wife. Defend-

---

\* Now 8 U.S.C.A. § 1439.

4. At the very least from February 20, 1932, to May 23, 1934, inclusive. For a discussion of the period embraced in the proof of "moral character," see Petition of Ferro, D.C.M.D.Pa.1956, 141 F.Supp. 404, at page 409.

5. Act of June 25, 1948, 62 Stat. 946, 28 U.S.C.A. § 1733(a); Federal Rules of Civil Procedure, Rule 44(c) 28 U.S.C.A.

6. Federal Rules of Civil Procedure, Rule 43(a), 28 U.S.C.A.; Vol. 2 Pa.Evidence,

Henry, 1953 ed., § 823; 1 Wigmore on Evidence, 3d ed., §§ 92, 93; 3 Wigmore Id. §§ 758, 759; Dowling Bros. Distilling Co. v. United States, 6 Cir., 1946, 153 F. 2d 353, at page 360; United States v. Obermeier, 2 Cir., 1950, 186 F.2d 243, at page 245, and see 246–250.

7. 1 Henry op. cit. supra, § 35; Thatenhorst v. United States, 10 Cir., 1941, 119 F.2d 567, 571; United States v. Montalbano (Genovese), 3 Cir., 1956, 236 F.2d 757, 759.

ant testified that he had no recollection of being questioned as to prior arrests. He does not deny that the questions were asked in writing and orally as indicated, but attempts to condone and explain his answers by stating (1) that he had only a third grade education, was hard of hearing in one ear, and may not have heard, or misunderstood, the questions; (2) that at the time he thought he was entitled to citizenship because of his military service and there was therefore no need to withhold information or to give untruthful answers as to prior arrests. There was no credible evidence of any hearing deficiency. Even if there were that would not explain the false answer in defendant's Application. All other questions were apparently correctly answered. There was no basis in law for defendant's claim of right to citizenship. See Petition of Ferro, D.C.M.D. Pa.1956, 141 F.Supp. 404, at page 408; Rein v. United States, 3 Cir., 1934, 69 F. 2d 206, 207. Defendant's assertion of belief in such right was first made at the present hearing. Even assuming such a belief existed in 1934 (as to the proof of which see and cf. Baumgartner v. United States, 1944, 322 U.S. 665, at page 675, 64 S.Ct. 1240, at page 1245, 88 L.Ed. 1525) it would not excuse him from making truthful answers. "The government is entitled to know all the facts which it requires." United States v. Montalbano, 3 Cir., 1956, 236 F.2d 757, at page 759. Defendant had a duty to make truthful answers to the questions asked. He did not do so.

In United States v. Kessler, 3 Cir., 1954, 213 F.2d 53, there was no legal arrest, no wilful misrepresentation or concealment of a material fact. In Cufari v. United States, 1 Cir., 1954, 217 F.2d 404, the entry "no arrest" may have referred to a witness instead of the petitioner. In United States v. Anastasio, 3 Cir., 1955, 226 F.2d 912, at page 916, the court found the government had knowledge of the prior arrests and was not deceived.

Defendant argues that when the papers were filed there had been no arrests during the prior two years; that the arrests prior thereto were not material or relevant in determining the question of good moral character and that the arrest while the naturalization proceedings were pending, even if revealed, would not affect the final result.

We shall not stop to consider the question as to the period embraced in determining moral character. See Petition of Ferro, supra, 141 F.Supp. 404; Corrado v. United States, 6 Cir., 1955, 227 F.2d 780, at page 784; Stevens v. United States, 7 Cir., 1951, 190 F.2d 880, 881; United States v. Etheridge, D.C.D.Ore. 1930, 41 F.2d 762. Nor need we rest our decision on the failure to reveal the arrest during the pendency of the naturalization proceedings. See United States v. Palmeri, D.C.E.D.N.Y.1943, 52 F. Supp. 226, 227; United States v. Accardo, D.C.D.N.J.1953, 113 F.Supp. 783, 785, affirmed 3 Cir., 1953, 208 F.2d 632, certiorari denied 1954, 347 U.S. 952, 74 S. Ct. 677, 98 L.Ed. 1098, and cf. United States v. Minerich, 7 Cir., 1957, 250 F.2d 721, at page 729, et seq.

Defendant's theory seems to be that one may deliberately engage in a falsehood concerning required facts during naturalization proceedings without fear of consequences so long as the truth, had it been revealed, would not have resulted in refusal of citizenship, but see United States v. Montalbano, 3 Cir., 1956, 236 F. 2d 757, at page 759, certiorari denied sub nom. Genovese v. United States, 1956, 352 U.S. 952, 77 S.Ct. 327, 1 L.Ed.2d 244. "Mere recital of it bares its absurdity. If the government thinks it important enough to ask a question which it has authority to ask, the answer cannot be considered immaterial and meaningless. That the answer may not lead to a refusal of citizenship is not the only consideration. The government is entitled to know all the facts which it requires." And see Corrado v. United States, 6 Cir., 1955, 227 F.2d 780, at page 784, " * * * the issue is not whether naturalization would have been denied * * * had he revealed his * * * arrests, but whether, by his false answers, the Government

was denied the opportunity of investigating the moral character of appellant and the facts relating to his eligibility for citizenship. * * * To be awarded citizenship in the United States exacts the highest standard of rectitude. Our Government should be afforded full opportunity for investigation of the moral character and fitness of an alien who seeks to be vested with all the rights, privileges and immunities of a natural born citizen of the United States * * ", and see Brenci v. United States, 1 Cir., 1949, 175 F.2d 90, at page 92; Rein v. United States, supra, 69 F.2d 206, 207.

United States v. Doshen, 3 Cir., 1943, 133 F.2d 757, at page 760, Note 3, teaches that any false statement made in the course of a naturalization proceeding constitutes fraud upon the government, and see United States v. Saracino, 3 Cir., 1930, 43 F.2d 76; Rein v. United States, supra, 69 F.2d at page 207; United States v. Kessler, supra, 213 F.2d at pages 55, 58, adds that the statement must not only be false but made with knowledge of the falsity and in a wilful and deliberate attempt to deceive the government. And see United States v. Anastasio, 3 Cir., 1955, 226 F.2d 912, at page 916, certiorari denied 1956, 351 U.S. 931, 76 S.Ct. 787, 100 L. Ed. 1460, "The premise of a denaturalization action is fraud or illegality * * * practiced by the defendant in the naturalization proceeding which deceived the government or the court into granting citizenship." Although the government's burden is a heavy one and they must prove their case by clear, unequivocal, and convincing evidence which does not leave the issue of fraud or illegality in doubt, Schneiderman v. United States, 1943, 320 U.S. 118, 158, 63 S.Ct. 1333, 87 L.Ed. 1796; Baumgartner v. United States, supra; Knauer v. United States, 1946, 328 U.S. 654, 66 S.Ct. 1304, 90 L. Ed. 1500; United States v. Montalbano, supra, 236 F.2d at page 758, from a study and appraisal of the whole record we are of the opinion, and find as a fact, that defendant deliberately and wilfully concealed and misrepresented material facts for the purpose of deceiving the government and the court; that the order admitting him to citizenship and the Certificate of Naturalization issued to him were procured by such concealment and misrepresentation; and conclude as a matter of law that such order admitting him to citizenship should be revoked and set aside and the Certificate of Naturalization issued to him cancelled.

All other facts herein stated and conclusions of law expressed are adopted as findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. United States v. Certain Parcels of Land, etc., 3 Cir., 1954, 215 F.2d 140, at page 145.

An appropriate order may be submitted.