## Santilli v. Church

*George J. Brutscher*, for plaintiff.

*John E. Stively*, for defendant.

KURZ, J., January 30, 1964.—Defendants have presented a petition upon which a rule directed to plaintiff was allowed requiring him to show cause why a default judgment entered in his favor when defendants did not file an answer to his complaint should not be struck from the record. They assert that plaintiff's complaint does not sustain the judgment, in that it is not verified on oath or affirmation as required by Pennsylvania Rule of Civil Procedure 1024(a). An examination of the complaint reveals that, although there is a form of affidavit signed by plaintiff attached to it, the attempt at a jurat which appears bears no seal, and there is no statement as required by the statute as to the date of the expiration of the notary's commission: Act of August 21, 1953, P. L. 1323, secs. 12, 13, 57 PS §§158, 159.

We think the judgment must be struck. In Phillips v. Evans, 164 Pa. Superior Ct. 410 (1949), it was held that a judgment entered by default for failure to file an answer was properly struck where the complaint was not endorsed with the proper notice to plead. The reasoning upon which the decision was based was that

since under Pa. R. C. P. 1029 (d) averments to which no pleading is required are deemed to be denied, and since plaintiff's failure to properly endorse the complaint relieved defendant from filing a responsive pleading, then the averments of the complaint were denied in law even though no answer had been filed, and, as a consequence, there was nothing on the record to support the judgment so entered. In the instant case, the averments of the complaint have not been verified as required by law. Until they have been, no basis upon which the judgment may stand appears of record.

We realize that the jurat is no part of the affidavit but is only evidence of the administration of the oath. We appreciate also that an affidavit properly sworn is not vitiated by the failure of the officer taking it to attest it properly: United States v. Galato, 171 F. Supp. 169 (1959) ; The Borough of Pottsville v. Curry, 32 Pa. 443 (1859). Furthermore, we are aware that a notary has been permitted to affix his signature to the jurat nunc pro tunc: Cake v. Cake, 156 Pa. 47 (1893). See also Commonwealth v. Wix, 10 Chester 497 (1962). However, in the instant case, no corrective measures to remedy the defective complaint have been taken as yet. The judgment attacked must stand or fall on the record as it now appears. Accordingly, it must be struck. An order to that effect is entered.

### *Order*

And now, January 30, 1964, the rule allowed November 21, 1963, directed to plaintiff requiring him to show cause why the judgment entered in said cause on October 25, 1963, by default for want of an answer or appearance, in the amount of $2,800, is hereby struck from the record.